■ JOSEPH LA LUMIA, Respondent, v. ARTHUR SCHWARTZ et al., Appellants.— In an action, pursuant to section 51 of the Civil Rights Law, to recover damages for the invasion of privacy, the defendants appeal from so much of an order of the Supreme Court, Nassau County, entered July 1, 1964, as, in denying their motion, made pursuant to statute (CPLR 3024, subds. [a], [b]; CPLR 3015, subd. [d]), to require plaintiff to serve an amended

complaint, declared: (1) that the complaint stated a good cause of action against both defendants; and (2) that damages for mental stress are recoverable. Order modified by striking out the provision that the complaint states a good cause of action, and by substituting therefor two provisions: (a) a provision granting defendants' motion to the further extent of dismissing the complaint on the ground that it fails to state a good cause of action; and (b) a provision permitting plaintiff to serve an amended complaint. As so modified, the order, insofar as appealed from, is affirmed, without costs. Plaintiff may serve the amended complaint within 30 days after entry of the order hereon. While the defendants' motion was not also made under CPLR 3211 (subd. [a], par. 7) to dismiss the complaint for failure to state a cause of action, as it should have been, nevertheless the parties and the Special Term have treated the motion as though it were so made. We have done likewise. Since the question of the sufficiency of the complaint was involved and was presented and adjudicated, and since all the parties have proceeded on this appeal to argue the sufficiency of the complaint, the court has ignored the technical defect in procedure and has determined the substantive issues raised. In our opinion, the complaint as presently framed is insufficient. It lacks the allegation that plaintiff's name was used within this State. Such allegation is essential (*Cardy* v. *Maxwell*, 9 Misc 2d 329; *Pittera* v. *Parade Pubs.*, 30 Misc 2d 706, mod. on other grounds 15 A D 2d 882). If, in fact, plaintiff's name was improperly used within this State, plaintiff should serve an amended complaint containing appropriate allegations. We do not agree with the individual defendant's contention that he may not be held responsible for a violation of the statute which he committed while acting as an officer of the corporate defendant. The statute provides a remedy for a wrong which is clearly tortious. A corporate officer who participates in the commission of a tort, regardless of whether he acts on behalf of the corporation and in the course of his corporate duties, may ordinarily be held individually responsible (*Debobes* v. *Butterly*, 210 App. Div. 50; *Mendelson* v. *Boettger*, 257 App. Div. 167, affd. 281 N. Y. 747; *Chenango Bridge Co.* v. *Paige*, 83 N. Y. 178). Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.