▮ DIANE A. BUCKMAN et al., Respondents, et al., Plaintiff, v. PERRY's TAXI, INC., et al., Appellants, et al., Defendants.— REYNOLDS, J. Appeal from an order of the Supreme Court, Ulster County, denying appellants' motion for an order setting aside the judgment and for a new trial on the grounds of newly discovered evidence (CPLR 5015, subd. [a], par. 2). In October, 1964 respondents obtained verdicts totaling $15,000 for personal injuries, medical expenses and loss of services stemming from an automobile accident. Thereafter, in April, 1965 appellants made the instant motion. In support of their motion appellants introduced sworn affidavits to the effect that the injuries sustained by respondent Diane Buckman resulted not from the automobile accident but rather from an attack perpetrated by her husband expressly to induce injuries when none were discovered to have resulted from the accident,

that respondents' counsel knew the injuries were so caused a substantial time prior to the trial and that appellants were not aware of this information prior to March 24, 1965. In opposition to the motion respondents submitted affidavits denying all the allegations in appellants' affidavits and allegedly explaining the motives of the various affiants in making their statements. The instant motion was, of course, directed to the discretion of the trial court and thus only if such discretion was abused can this court interfere. Such motions, since they tend to protract litigation, are not favored (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.27), and thus a heavy burden is cast on the party seeking relief to establish both the genuineness and materiality of his "new evidence" and that despite due diligence he could not have discovered the same in preparing his case for trial (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.29). Here, considering all facets of the present record, we cannot say that the denial of the motion amounted to an abuse of discretion. Order affirmed, with costs. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.