ALBERT BAILEY, SR., et al., Respondents, v BAKER'S AIR FORCE GAS CORP., Defendant and Third-Party Plaintiff-Appellant; BAILEY FORD, INC., Third-Party Defendant-Respondent. (And Twelve Other Actions.)

Third Department, December 11, 1975

*Herron, Lawler & Fischer (Henry A. Fischer* of counsel), for defendant and third-party plaintiff-appellant.

*Bouck, Holloway & Kiernan (Francis J. Holloway* of counsel), for Albert Bailey, Sr. and another, respondents.

*Willmott, Aylward, Wisner, McAloon & Scanlon (George P. McAloon* of counsel), for third-party defendant-respondent.

*Crapser & Kirsch (William S. Crapser, Jr.,* of counsel), for Gerald K. Langdon and others, respondents.

*Pond & Walsh* for John R. Tatro and another, respondents.

*Cantwell & Cantwell* for Alton H. La Page, respondent.

*McCormick & La Pan* and *Owens D. Grogan* for Bailey Ford, Inc., respondent.

*Robinson, Lewis & Bell* for Richard La Vigne, respondent.

LARKIN, J. These appeals arise from various actions involving property damage originating from a fire on March 15, 1969 at garage premises leased by plaintiffs Albert Bailey and Albina Bailey to Bailey Ford Garage, Inc. (Bailey Ford). Bailey Ford sold to appellant Baker's Air Force Gas Corporation (Baker's) a truck chassis and cab upon which Baker's had mounted a used 500-gallon liquid propane gas tank. The truck was returned to Bailey Ford for correction of a defective power unit. At that time, the tank was filled with several hundred gallons of propane gas. Certain valves were left open and the hose was not bled. No instructions were given to the employees of Bailey Ford in regard to the handling of the truck. Thereafter, while an employee of Bailey Ford was working underneath the truck, a fire occurred. The record does not indicate what caused the initial ignition of the fire. Appellant Richard La Vigne and the manager of Baker's, was present at Bailey Ford overseeing the repairs when the fire occurred.

Both sides produced experts who gave their opinion as to the cause of the fire. The plaintiffs' expert opined that the truck was parked in the path of hot air, emanating from a suspended heating unit in the garage, which increased the pressure within the propane tank and caused the relief valve to release the propane gas. Although the defendants' expert testified that the fire was not of a propane origin and gave his reasons therefor, the trial court specifically accepted the testimony of the plaintiff's expert in that respect.

The trial court found that there was a duty upon Baker's to advise Bailey Ford as to the proper precautions to be taken during the time the vehicle was being worked on and that the failure of Baker's manager or employees, who had superior knowledge of the propensities and dangers in handling liquid petroleum, to warn Bailey Ford of such danger constituted negligence on their part. The court found that Bailey Ford was not negligent in placing the truck in question in the path of the heat from an overhanging heating element, in view of their inexperience in handling propane and their not receiv-

ing any warning from Baker's employees. The court found the appellant La Vigne to be guilty of acts of omission in causing and contributing to the accident in question and thus liable.

When one of the issues is the question of negligence by reason of failure to provide adequate safety devices or take sufficient precautions for the protection of persons to whom a duty of care is owed, evidence of general custom, usage and practice in the same kind of business may be introduced by either side as tending to establish a standard by which ordinary care may be judged (Richardson, Evidence [10th ed], § 187).

Plaintiffs' expert witness, a professor of engineering familiar with propane fires and accidents, testified that in the field of propane gas safety the National Board of Fire Underwriters pamphlet number 58 was the accepted standard in up-State New York. Defendants' expert witness testified that the pamphlet is widely disseminated in the industry so that the propane suppliers will have knowledge of the safety requirements. Appellant Baker's manager testified that at the various training sessions he had attended, pamphlet number 58 was presented as a recommended safety guide and that he possessed a copy of the pamphlet prior to the fire. He further admitted that he was not, but should have been, familiar with the specific provisions of the pamphlet concerning precautions which should be followed when liquid propane gas tank vehicles are being garaged.

In view of such testimony, the receipt into evidence of the National Board of Fire Underwriters pamphlet number 58, as some evidence of the customary way of handling propane gas in up-State New York, did not constitute error and the failure of the appellant to comply with the accepted custom is some evidence of negligence, although not conclusive (Storm v New York Tel. Co., 270 NY 103; Colon v Bridge Plaza Rental Corp., 46 AD2d 13).

The pamphlet states that, in garaging propane trucks for repair or service on the chassis or engine, certain essential precautions shall be followed, including closing all primary shutoff valves and venting the liquid and vapor in the hose. It further states that the vehicle shall not be parked within the path of hot air being blown from a blower-type heater and that unless the product is removed from the cargo tank and pressure reduced to atmospheric pressure the driver shall

instruct the responsible people in the garage of the nature of the cargo contents.

Appellant urges that there was no evidence indicating that the truck in question was, in fact, placed within the path of the hot air being blown from the heater and argues that the photographs taken after the fire cannot be deemed evidence of the location of the truck at the time of the fire, because the presumption of continuance does not flow backwards. The rule that the presumption of continuance does not "flow backwards" should be confined in its application to cases where, as a matter of logic, no inference as to the past condition can be drawn from evidence of the present one (Richardson, Evidence [10th ed], § 74). In the instant matter, the pictures were taken two days after the fire and the truck was completely destroyed. From the pictures, one could draw a fair inference that the truck had not been moved since the fire. Hot air blowers, visible in the pictures, lend support to the trial court's determination as to the position of the truck and the direction of the hot air being blown from the blowers at the time of the fire.

Appellant's contention that the trial court could not reject the testimony of appellant's expert witness, particularly when it did not have the transcribed trial minutes available, is without merit. As the trier of the facts, it was within the court's discretion to believe some witnesses and disbelieve others.

Appellant La Vigne was responsible for his own negligent acts regardless of the fact that he was acting pursuant to his corporate duties. A person injured generally may hold both the corporation and the corporate employee liable as joint tort-feasors. Corporate officers are liable for their torts although committed when acting officially (3 Fletcher's Cyclopedia Corporations [Perm ed], § 1135; *La Lumia v Schwartz,* 23 AD2d 668).

One other aspect of this appeal requires this court's consideration. After trial, appellant Baker's moved for an order setting aside the judgment on the grounds of newly discovered evidence and that the judgments were against the weight of the credible evidence. The newly discovered evidence, which allegedly came to light only after the trial and the decision, consists of the affirmation of a former sales manager of Bailey Ford who was present at the time of the fire and who allegedly saw the mechanic working underneath the truck using

a torch. None of the witnesses who testified, including the mechanic in question, stated that a torch was being used. In such instances, the burden is on the moving defendant to establish that despite due diligence the claimed new evidence could not have been discovered when preparing the case for trial (*Buckman v Perry's Taxi,* 24 AD2d 913; *Collins v Central Trust Co.,* 226 App Div 486). There was no reason given in any affidavit why the witness in question was not interviewed or examined before the trial and the affidavits do not demonstrate that the witness could not have been discovered with proper diligence prior to the trial (4 Weinstein-Korn-Miller, NY Civ Prac, par 4404.27). On these facts, it is clear that the trial court did not abuse its discretion by denying the motion (*Buckman v Perry's Taxi, supra*).

We have considered appellants' other contentions and find them to be without merit.

The judgments should be affirmed, with costs to respondents filing briefs.

HERLIHY, P. J., SWEENEY, KANE and KOREMAN, JJ., concur.

Judgments affirmed, with costs to respondents filing briefs.