Charles JONES–BEY, Plaintiff-Appellant,

v.

Ralph G. CASO, County Executive of Nassau County, et al., Defendants-Appellees.

No. 988, Docket 76–2001.

United States Court of Appeals, Second Circuit.

Argued May 11, 1976.

Decided May 17, 1976.

Jean Sharpe, law student assistant,[*] Robert Hermann, Washington Square Legal Services, Inc., New York City, for plaintiff-appellant.

James M. Catterson, Jr., County Atty. of Nassau County, Port Jefferson, N. Y., (Natale C. Tedone, Senior Deputy Atty., Mineola, N. Y., of counsel), for defendants-appellees.

Before KAUFMAN, Chief Judge, and SMITH and MANSFIELD, Circuit Judges.

IRVING R. KAUFMAN, Chief Judge:

Judge Judd dismissed as moot Charles Jones-Bey's *pro se* complaint seeking money damages, injunctive and declaratory relief pursuant to 42 U.S.C. § 1983, for conditions of confinement at the Nassau County Jail. The complaint alleged, *inter alia*, that the living conditions, the treatment of prisoners, and the enforcement of certain of the institution's regulations and rules constituted cruel and unusual punishment and a denial of both equal protection and due process of law.

The conditions of confinement with which appellant took issue included the inability of pre-trial detainees to wear personal clothing, inadequate recreation, limitations on telephone, mail, and visitation privileges, allegedly inadequate medical staff and treatment, and oppressive procedures for transporting prisoners to courthouses. He sought, in addition to injunctive and declaratory relief from these conditions, $100,000 in compensatory damages and $15,000 in punitive damages.

Some two years earlier a class action complaint had been filed on behalf of all pre-trial detainees at the Nassau County Jail which alleged a number of the same constitutional violations complained of by Jones-Bey. *Palma v. Treuchtlinger*, No. 72 C. 1653. The class representatives, however, sought only declaratory and injunctive relief. On March 20, 1973, Judge Judd ordered *Palma* maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, which provides:

(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

. . .

Judge Judd also delimited the class membership to include "all persons incarcerated in the Nassau County Jail awaiting trial. . . ."

Jones-Bey apparently entered the Nassau County Jail on January 22, 1974, some nine months after the *Palma* class was certified and notice of that action was ordered posted in the cells of pre-trial detainees. He claims he never saw nor received the notice. And he was transferred from that institution on May 17, 1975, shortly before notice of a proposed settlement in *Palma* was sent to class members at the Jail. The negotiated settlement agreement was consummated on July 11, 1975, when Judge Judd approved and signed a consent judgment providing for relief to the plaintiff class of pre-trial detainees to correct or ameliorate many of the same conditions complained of in this action by Jones-Bey. Accordingly, on July 17, 1975, the court below dismissed appellant's complaint as "moot", apparently viewing it as precluded by the *Palma* settlement.

We disagree, and must therefore reverse the judgment below and remand to the District Court with instructions to reinstate the complaint. Jones-Bey, in addition to declaratory and injunctive relief similar to that sought in *Palma*, claimed money

---

[*] Appearing pursuant to Local Rule § 46(e).

damages which were not precluded by settlement of the class action. The consent agreement did not, by its terms or otherwise, dispose of those claims, and indeed, the class representatives in *Palma* never sought to represent pre-trial detainees pressing individual damage claims in separate actions.

■ Our holding reflects no opinion on the merits of Jones-Bey's complaint, although in its present posture we must accept as true its allegations. *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964). The appellees' suggestion that the allegations of the complaint relating to damages are frivolous must be made, in the first instance, to the District Court.