(October 28, 1976)

SUFFOLK CEMENT PRODUCTS, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 51185.)—Appeal from an order of the Court of Claims, entered June 8, 1973, which denied claimant's motion to set aside a judgment entered July 27, 1972, and for a new trial. The State appropriated .405 of an acre in fee and a permanent slope easement on .528 of an acre of claimant's property in the Town of Riverhead, Suffolk County, for construction of a portion of the Long Island Expressway. Claimant's claim was tried on April 12, 13 and 14, 1972 and judgment was entered July 27, 1972. The court found the highest and best use of claimant's property was its then current use as a mining and manufacturing operation of masonry products. In March, 1972, the State contractor encroached upon the land taken under the permanent easement to build the sidewalk. On February 12, 1973, the State appropriated the fee of an additional .060 of an acre from the area already burdened with the permanent slope easement. The necessity for taking a fee interest in this additional .060 of an acre was disclosed on March 31, 1972. Claimant was not informed prior to the trial in April, 1972 that in March, 1972 the State's contractor encroached on the land taken under the permanent easement in order to build the sidewalk. The appropriation of the fee of .060 of an acre, containing 2,627 square feet consisted of a triangle of about 645 feet on each side with a 9-foot base which did not affect access to claimant's property. Claimant moved to vacate the judgment and for a new trial pursuant to CPLR 5015. The court denied claimant's motion and this appeal ensued. On this appeal claimant contends that the court erred in denying its motion. We disagree. The court found that the newly discovered evidence, namely, that to build a sidewalk the State's contractor encroached on a portion of claimant's property on which the State had already acquired a slope easement and that subsequent to the trial in February, 1973 the State appropriated the fee in the additional .060 of an acre already subject to a permanent slope easement, could not have produced a different result. The court did not abuse its discretion under the circumstances in denying claimant's motion. The court that heard the claim and granted the judgment was better situated to determine whether or not the newly discovered evidence would probably have produced a different result. The instant motion was, of course, directed to the discretion of the

court and this court can interfere only if the court abused its discretion *(Mully v Drayn,* 51 AD2d 660; *Buckman v Perry's Taxi,* 24 AD2d 913). On the present record, we cannot say that the denial of the motion amounted to an abuse of discretion. Order affirmed, without costs. Greenblott, J. P., Kane, Main, Herlihy and Reynolds, JJ., concur.