In the Matter of the STATE OF NEW YORK, by LOUIS J. LEFKOWITZ, as Attorney-General, Respondent, v DARO CHARTOURS, INC., Respondent, and ROBERT J. STEIN, JR., Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered September 1, 1978 in Albany County, which granted petitioner's application in a proceeding pursuant to subdivision 12 of section 63 of the Executive Law and article 10-A of the General Business Law, permanently enjoined respondents from engaging in certain acts and ordered respondents to pay petitioner $5,000 to be used for restitution of aggrieved customers of respondents. Appellant Stein, appealing herein *pro se,* was president of Daro Chartours, Inc. (Daro). Daro was engaged in the business of selling vacation trips by itself and through independent travel agents. These trips were purchased by Daro from tour operators who arranged for transportation and accommodations. On December 27, 1977, Daro had contracted to purchase from BTC Tours, Inc. (BTC), a tour operator, seven tour charters to Antigua, one scheduled to leave every week from February 12, 1978 to March 26, 1978. The last four tour charters were subsequently canceled because Daro failed to timely make the required advance payments. Special Term, in awarding judgment in favor of petitioner without trial, found violations of the Truth in Travel Act (General Business Law, art 10-A) and subdivision 12 of section 63 of the Executive Law in appellant's failure to timely pay the airlines, causing cancellation of tours, and in failing to refund moneys to customers for a period of six months. Appellant first contends that questions of fact exist making the grant of judgment without trial improper. We disagree. Where, in a special proceeding as here, the petition and supporting papers contain sufficient allegations of fact to merit the relief requested and the respondents have raised no triable issues of fact by an evidentiary showing, but only assert conclusory statements in a general denial, judgment without trial is proper *(Matter of Lefkowitz v McMillen,* 57 AD2d 979). The judgment must, therefore, be affirmed. Appellant's claim that the judgment of Special Term was based on misrepresentations contained in petitioner's papers is without merit. The record reveals that Special Term did not base its judgment on any of the facts which appellant alleges to have been misrepresentations. Appellant's contention that Federal law has pre-empted State action in the matters herein covered by the Executive Law and the Truth in Travel Act is without merit. It is permissible for State law to have an impact on interstate commerce *(Huron Cement Co. v Detroit,* 362 US 440). The only limitations on State impact consistently recognized have been that "the [State] regulation not discriminate or place an embargo on interstate commerce, that it safeguard an obvious state interest, and that the local

interest at stake outweigh whatever national interest there might be in the prevention of state restrictions" *(Cities Serv. Co. v Peerless Co.,* 340 US 179, 186-187). In the instant proceeding these limitations are respected. Appellant's further contention that, by chapter 20 of title 49 of the United States Code, the Federal Government already regulates the airlines and thereby pre-empts any State law affecting interstate airlines, is rejected. Section 1506 of title 49 provides: "Nothing contained in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." (See *Porter v Southeastern Aviation,* 191 F Supp 42.) The argument of appellant that he was a mere officer of a corporation which performed fraudulent acts and that, as such, Special Term improperly pierced the corporate veil to hold him personally liable is without merit. Here, the fraudulent acts of appellant, the president of Daro, can be construed as tortious conduct against Daro's customers. In such case, both the corporation and the corporate officer may be held liable as joint tort-feasors *(Bailey v Baker's Air Force Gas Corp.,* 50 AD2d 129, 133; *La Lumia v Schwartz,* 23 AD2d 668). Finally, we find no reason to disturb the award of $2,000 in costs made by Special Term in the exercise of its discretion, pursuant to CPLR 8303 (subd [a], par 6). Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Mikoll, JJ., concur.