## (November 29, 1979)

■     JACOB GOLDBLATT et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 60120.)—Appeal from a judgment, entered January 11, 1978, upon a decision of the Court of Claims, which granted a motion of the defendant to dismiss the claims. The claimant, Jacob Goldblatt, was injured on October 16, 1975 when he attempted to ride his bicycle from the shoulder of United States Route 6, a State highway, onto the traveled portion of the road. He testified to the effect that as his bicycle approached the roadway surface, he looked down and saw a depression in the surface, which the front wheel of his bicycle hit, causing him to fall and suffer personal injuries. Following a hearing, the Court of Claims dismissed the claim upon findings that the claimant failed to prove actual or constructive notice of the defect, that the State was not negligent, that the defect was not a dangerous condition to those traversing the highway in the normal and proper direction, and that claimant's own actions were the cause of the accident. The hole which precipitated the accident was on the southerly edge of the roadway at the point where a white marking line would cross over some of it. The highway was surfaced with concrete and the expert evidence was that the hole occurred on and within a joint necessarily put in such surface to allow for expansion. The dislodging of the concrete to make the hole could have been caused by any kind of vehicle. Claimants attempted to prove notice by alleging that their photographs of the hole showed that the white line actually had been painted down into the hole by a painting crew prior to the accident. However, the trial court, upon examining the photographs, found that the line did not extend further than the lip of the

designed joint and, accordingly, did not establish actual or constructive notice. The fact that the hole existed on the day when the claimant was injured or subsequently was allowed to remain does not establish a long-standing condition requiring a finding of constructive notice. The claimant's own expert admitted that a passing vehicle could have dislodged the concrete and created the depression at any time. The case of *Bailey v Baker's Air Force Gas Corp.* (50 AD2d 129, mot for lv to app den 39 NY2d 708) where negligent conduct was proven by circumstantial evidence of a fact existing immediately after accident, is inapposite and claimant's reliance thereon is misplaced. Inasmuch as the claimants have failed to establish error in the Court of Claims finding that there was a failure to establish notice, it is unnecessary to reach the remaining issues raised. Judgment affirmed, without costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.