**MAX DAETWYLER CORP. and MDC Max Daetwyler, A. G.**

v.

**INPUT GRAPHICS, INC. and Benton Graphics, Inc.**

Civ. A. No. 81–1140.

United States District Court, E. D. Pennsylvania.

Feb. 4, 1982.

Manny D. Pokotilow, Philadelphia, Pa., for plaintiffs.

Robert Podwil, Philadelphia, Pa., Peter T. Cobrin, New York City, Robert White, Princeton, N. J., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This matter is before the court on plaintiffs' motion for leave to file a second amended complaint which would name two individuals—Rufus Benton, President of defendant Benton Graphics, Inc., and Joseph Halbherr, President of defendant Input Graphics, Inc.—as additional defendants. Plaintiffs' proposed second amended complaint contains two counts: count one asserts that defendants infringed plaintiffs' patent for "doctor blades"—a blade-shaped device for wiping ink from the printing surface used in photogravure printing techniques—by manufacturing and selling a similar device; and count two alleges that defendants made false representations in advertising their doctor blade device in violation of section 43(a) of the Lanham Trade-Mark Act, 15 U.S.C. § 1125(a).

The parties agree that plaintiff Max Daetwyler Corporation is a New York corporation; plaintiff MDC Max Daetwyler, A.G., is a Swiss corporation; defendant Benton Graphics is a New Jersey corporation with its principal place of business in that state; defendant Input Graphics is a Pennsylvania corporation with its principal place of business in New Hope, Pennsylvania which is in the Eastern District of Pennsylvania. The two individuals—Benton and Halbherr—sought to be named as defendants are citizens respectively of New Jersey and Pennsylvania. Thus, at the outset it should be noted that jurisdiction is asserted both under 28 U.S.C. § 1338(a) and (b) (patent infringement and Lanham Act claims) and under 28 U.S.C. § 1332 (diversity).

Because the disposition of plaintiffs' motion with respect to Count Two is relatively more straightforward and bears to some extent on Count One, I will first address plaintiffs' motion to amend Count Two.

### I

In opposing plaintiffs' motion to amend, defendants contend with respect to Count Two that corporate officers can not be held liable as joint tortfeasors under the Lanham Act. Despite defendants' contentions, it is plain that in enacting section 43(a) of the Lanham Trade-Mark Act, 15 U.S.C. § 1125(a), on which Count Two is grounded, Congress established a new federal statutory tort of unfair competition and false representation. *See Keebler Co. v. Rovira Biscuit Corp.*, 624 F.2d 366, 372–73 (1st Cir. 1980); *L'Aiglon Apparel, Inc. v. Lana Lobell, Inc.*, 214 F.2d 649, 651 (3d Cir. 1954). Thus, the joint tortfeasor principles for corporate officers established by the Third Circuit in *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978), appear to be clearly applicable to Lanham Act claims. *cf. Donner v. Tam-Witmark Music Library, Inc.*, 480 F.Supp. 1229, 1233 (E.D. Pa.1979) (discussing applicability of joint tortfeasor principles in copyright infringe-

ment context). Since plaintiffs' proposed second amended complaint, if read liberally, asserts that the individual corporate officers were to some extent personally involved in their corporate employers' allegedly tortious acts of unfair competition, they may be named as co-defendants with the corporate defendants in accordance with the principles set forth in *Donsco, supra.*

■ I note further that venue for the Lanham Act claims is governed by 28 U.S.C. § 1391(a) and (b) (the diversity and federal-question venue provisions), and since the parties appear to agree that the claim arose for venue purposes in the Eastern District of Pennsylvania, venue is proper in this district with respect to both Rufus Benton and Joseph Halbherr.

II

I now address defendants' objections with respect to Count One of plaintiffs' proposed amended complaint dealing with claims of patent infringement. Defendant argues that (a) the two corporate officers, Benton and Halbherr, may not be named as co-defendants with their corporate employers in this patent infringement action, and (b) this action may not be maintained in this district if Benton is named as a defendant because the venue provision for patent infringement actions, 28 U.S.C. § 1400(b) would not be satisfied as to him.

■ Normally, corporate officers are not personally liable for acts of infringement by their corporate employer when they simply act as an officer. However, when corporate officers are shown to be a moving, active force behind the infringements—in other words, where their acts are "willful or deliberate"—they may be held jointly liable with the infringing corporation. *See Universal Athletic Sales Co. v. American Gym,* 480 F.Supp. 408, 416–17 (W.D.Pa.1979); *Thompson Tool Co. v. Rosenbaum,* 443 F.Supp. 559, 561 (D.Conn. 1977). Paragraph 5 of plaintiffs' proposed amended complaint alleges that both Benton and Halbherr were "willful" participants in acts of infringement and therefore

amendment to include these individuals appears appropriate.

■ However, defendants' objections with respect to venue pose a more difficult question. Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b) which provides:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Plaintiffs concede that because Benton is a New Jersey resident the first alternative basis for venue under section 1400(b) can not be met. They therefore focus their efforts on the second alternative which requires a showing that the defendant has committed an act of infringement *and* has a regular and established place of business in this district. Even assuming *arguendo* that Benton has committed acts of infringement here, it is clear that he does not maintain a regular and established place of business in this district. To be sure, plaintiffs have shown that Benton transacts some business in this district, but as Professor Moore observes, a demonstration that a defendant is "doing business [in the district] is not, in and of itself, enough" to establish that the defendant maintains a "regular and established place of business" under the second alternative in section 1400(b). 1 Moore, *Federal Practice* ¶ 0.144[9] at 1514 (2d ed. 1980). In addition, I am not persuaded by plaintiffs' contentions that defendant Input Graphic's activities and maintenance of offices in this district should be imputed for venue purposes to Benton since plaintiff has not shown by affidavit or otherwise that Input Graphics is merely an "alter ego" of Rufus Benton.

■ Finally, plaintiff urges that this court apply the so-called doctrine of "pendent venue" in this case so that Benton may be sued in the same action in which he is a defendant in the Lanham Act claim and in which the patent infringement claim is to be tried. While this invitation has consider-

118

able appeal since it seems to me more efficient to try all the related patent infringement defendants in one action, I am constrained by the Supreme Court's longstanding rule that section 1400(b) is the exclusive venue provision in patent infringement cases which may not be superseded by the general venue provisions in section 1391. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). *See Lighting Systems, Inc. v. International Merchandising Associates*, 464 F.Supp. 601, 605–06 (W.D.Pa.1979). Moreover, in the few cases in which the "pendent venue" theory has been applied, the requirements of the patent venue statute had been met and the theory was used only to include other claims. *See Goggi Corp. v. Outboard Marine Corp.*, 422 F.Supp. 361, 366 (S.D.N.Y. 1976). Therefore, plaintiffs' motion with respect to their claim in Count One against Rufus Benton must be denied, but the remainder of the motion will be granted.