OPINION OF THE COURT
Raymond J. Barth, J.
This matter is currently before the court pursuant to a petition filed on February 9, 1983 wherein the agency is seeking a judgment against the respondent for support arrearages in the sum of $3,540 as of November 18, 1982. Said arrears have accrued pursuant to an order of filiation and support dated February 25, 1974.
In response to the agency’s petition, the respondent filed a notice of motion on May 11, 1983, wherein he sought an order requiring the petitioner, the petitioner’s child, Michael E. Holl, and himself to submit to a human leucocyte antigen (H.L.A.) blood test in accordance with section 532 of the Family Court Act. It is now the respondent’s contention, more than nine years after the entry of the order of filiation and support, that he is not the father of Michael E. Holl.
On February 25, 1974, the respondent was found to be the father of the subject child after trial held before another Judge of the Family Court of Onondaga County. The respondent never filed an appeal regarding the court’s determination.
*955 Although not designated as such, the nature and effect of respondent’s motion is for vacatur of the paternity adjudication. Yet respondent’s sole basis for his action is the bare allegation that the results of the H.L.A. test would prove that he is not the father of the subject child. Respondent contends, by letter dated May 18, 1983, that at the time of his trial “not only was this test (H.L.A.) not admissible into evidence in a paternity proceeding, but, in addition, Mr. Hinman was unaware that any such test even existed and, therefore, failed to offer same to the Court in his defense”. However, at the time of the paternity proceeding the Family Court Act did provide for blood-grouping tests to be performed on motion of the respondent. (Family Ct Act, former § 532 [L 1962, ch 686].) Also, contrary to respondent’s position, such test would have been admissible into evidence if it had excluded him as the father of the child. But the respondent failed to move for such a test.
Relief from orders is governed by CPLR 5015. The enumerated grounds for such relief include excusable default, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party, lack of jurisdiction and reversal, modification or vacatur of a prior order upon which the subject order is based. None of these grounds is applicable to the instant proceeding.
Motions to vacate orders are not favored in that they tend to protract litigation. (Buckman v Perry’s Taxi, 24 AD2d 913.) It is important to preserve the judgments of courts because of the deleterious effect on the stability of judgments that would result if they were indiscriminately vacated. (Matter of Wilkins v Kelly, 108 Misc 2d 598.)
The granting of a motion to vacate is within the discretion of the trial court based upon the factual background of the particular case. (Cornwell v Safeco Ins. Co., 42 AD2d 127; Suffolk Cement Prods. v State of New York, 54 AD2d 804.) In the case at bar the respondent was adjudicated after trial over nine years ago. He did not request a blood test at that time, he did not appeal the order of filiation and now he seeks a blood test upon his personal conjecture that it will determine that he is not the child’s father. Such circumstances are insufficient to warrant the reopening of the paternity proceeding and ordering the child and parties *956 to submit to an H.L.A. test. “To arbitrarily permit a party to question paternity after several years have elapsed since a child’s birth would clearly be disruptive to the fabric of society.” (Matter of Diann P. v Gene P., 86 Misc 2d 844, 847.)
The court cannot reopen paternity judgments merely because of technological advances in blood-testing techniques. To hold otherwise could result in a deluge of such applications by every respondent against whom an order of filiation was entered prior to the scientific and legal communities’ acceptance of the H.L.A. test as a viable vehicle of paternity determination.
Now, therefore, it is ordered that respondent’s motion for an H.L.A. test be, and the same hereby is, denied.