**NATIONAL SURVIVAL GAME, INC., Plaintiff,**

v.

**SKIRMISH, U.S.A., INC.; Pocono Whitewater, Ltd.; The Learning Annex; Douglas W. Fogal; Douglas Fogal, Jr.; and Paul Fogal, Defendants.**

**No. 84 Civ. 7813. (ADS).**

United States District Court,
S.D. New York.

Feb. 25, 1985.

---

Thurston's proper remedy is to obtain an order from the district court for a transcript of the hearing.

**340**

Rosenman, Colin, Freund, Lewis & Cohen, New York City, Hale & Dorr, Boston, Mass., for plaintiff; Marc E. Kasowitz, New York City, Neil Jacobs, Donald K. Stern, Susan G. Winkler, Boston, Mass., of counsel.

Kenyon & Kenyon, New York City, for defendants Douglas W. Fogal, Douglas Fogal, Jr., and Paul Fogal; Francis T. Carr, Robert D. Fier, New York City, of counsel.

## MEMORANDUM OPINION AND ORDER

SOFAER, District Judge.

Defendants Douglas W. Fogal, Douglas Fogal, Jr., and Paul Fogal ("the Fogals") have moved to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. Defendants contend, without citation to a single authority, that they are insulated from personal liability because their allegedly illegal conduct was performed not in their individual capacities but as officers of a corporation. Plaintiff National Survival Game, Inc. ("NSG"), responds that when a corporate officer or employee commits or participates in tortious or otherwise illegal conduct within the course of his corporate duties, the officer may be held jointly and severally liable with the corporation.

On this motion, the complaint must be construed in the light most favorable to plaintiff and its allegations must be taken as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Jones-Bey v. Caso*, 535 F.2d 1360, 1362 (2d Cir.1976). NSG is engaged in the business of advertising, promoting, and selling equipment for the Survival Game, an outdoors airgun game played by adults. The defendants are various corporate entities and individuals involved in the marketing and playing of a game called Skirmish, which competes with the Survival Game in the New York metropolitan area. Defendant Skirmish, Inc. ("Skirmish") is engaged in the business of advertising and conducting this competing game; defendant Pocono Whitewater, Ltd. ("Pocono"), owns and operates the location in Pennsylvania where Skirmish is played; defendant The Learning Annex ("Learning Annex") both advertises and organizes bus trips to the Poconos to play Skirmish. The Fogals are officers of Skirmish and Pocono. Paul Fogal is president of Skirmish; Douglas Fogal, Jr. is vice-president of Skirmish; *and* Douglas Fogal is president of Pocono.

Plaintiff alleges that in November 1983, approximately two years after the formation of NSG, defendants Douglas W. Fogal and Paul Fogal met with R. Gerard Jaggard, NSG's vice-president of marketing and sales, seeking to become a dealer of the Survival Game in the New York/Philadelphia area. During that meeting, the

Fogals sought and received detailed and extensive verbal and written information and materials concerning the Survival Game, including articles and brochures written about or promoting the Survival Game. In addition, plaintiff alleges meetings in December 1983 with NSG and its local dealers, after which the Fogals stopped inquiring about the Survival Game and ceased any efforts to negotiate a dealership.

Plaintiff also alleges that in June 1984 the Fogals began operating Skirmish, which is based on the same format as the Survival Game. Subsequently, defendants allegedly began disseminating false and misleading advertising that sought to misappropriate NSG's good will and market position by attributing to Skirmish statements and endorsements made in print and on radio about the Survival Game. Plaintiff seeks injunctive relief and damages for violations of the Lanham Act, 15 U.S.C. § 1125(a) (1982), unfair competition, breach of quasi-contractual obligations, interference with prospective business relations, conspiracy to injure another's business, and violations of N.Y.Gen.Bus.L. §§ 349(a) and 350 (McKinney 1968 & Supp.1983–84).

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 894 (2d Cir.1976). Whether plaintiff's complaint states a claim against the individually named defendants turns on whether defendants, as officers of corporations, are insulated from personal liability or may be held jointly and severally liable with the defendant corporations. The general principle is that a corporate officer who participates in a tort, even if it is in the course of his duties, may be held individually responsible. *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir.1978) (president of corporate defendant could be held individually liable for violations of Lanham Act

committed by him during course of his employment); *Polyglycoat Corp. v. C.P.C. Distributors, Inc.*, 534 F.Supp. 200, 204 (S.D.N.Y.1982) (allegation that corporate officer personally participated in commission of violation sufficient to withstand motion to dismiss). This principle was recently applied in *Max Daetwyler Corp. v. Input Graphics, Inc.*, 541 F.Supp. 115 (E.D. Pa.1982), to permit a suit against individual corporate officers for engaging in false advertising in violation of the Lanham Act. In *Max Daetwyler*, plaintiffs sought to amend their complaint to include as additional defendants the principal officers of two defendant competitors, because the officers were to "some extent" personally involved in their companies' tortious conduct. In permitting the amendment, the court stated that "the joint tortfeasor principles for corporate officers ... appear to be clearly applicable to Lanham Act claims." *Id.* at 116.

■ As to the pendent state claim, New York law also provides that a corporate officer who participates in the commission of a tort, even if he acts on behalf of the corporation and in the course of his corporate duties, may ordinarily be held individually responsible. *See, e.g., Bailey v. Baker's Air Force Gas Corp.*, 50 A.D.2d 129, 376 N.Y.S.2d 212 (3d Dep't 1975); *La Lumia v. Schwartz*, 23 A.D.2d 668, 257 N.Y. S.2d 348 (2d Dep't 1965).

■ In this case, plaintiff alleges that each of the Fogals personally participated in the wrongful acts and, as such, may be held jointly and severally liable with the defendant corporations. NSG's allegations are sufficient to state a claim against the Fogals. Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) Fed.R. Civ.P. is therefore denied.

■ Finally, the court, on its own motion pursuant to Fed.R.Civ.P. 11, hereby orders attorneys for defendants to pay to plaintiff all reasonable expenses incurred as a result of filing this motion, including reasonable attorney's fees. Defendants failed to cite a single case or authority in their two-page

memorandum. Apparently, they completely ignored the firmly established precedents directly contradictory to their position. No doubt exists that counsel failed to conduct the "reasonable inquiry" that Rule 11 requires to ensure that a motion "is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose...." *See, e.g., Tedeschi v. Smith Barney, Harris Upham & Co.*, 579 F.Supp. 657, 661 (S.D.N.Y.1984); *Wells v. Oppenheimer & Co.*, 101 F.R.D. 358, 359 (S.D.N.Y.1984). Plaintiff should prepare a statement of the expenses incurred in opposing this motion.

SO ORDERED.