**GIORGIO MORANDI, INC., Plaintiff,**

v.

**TEXTPORT CORPORATION, China Crown Investments Ltd., and Exim Lines, Inc., Defendants.**

**No. 88 Civ. 4780 (RPP).**

United States District Court, S.D. New York.

April 2, 1991.

Leo Fox, New York City, for plaintiff.

Callan, Regenstreich, Koster & Brady by Warren Koster, New York City, Galland, Kharasch, Morse & Garfinkle by Andrew B. Sacks, Michael T. Dean, Washington, D.C., for Exim Lines, Inc.

Kurzman & Eisenberg by Robert V. Marrow, White Plains, N.Y., for China Crown Investments Ltd.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action by a clothing importer against its foreign suppliers and a non-vessel operating common carrier ("NVOCC") for breach of contract, fraud, negligence and conspiracy.[1] On October 10, 1990 plaintiff filed (1) a motion pursuant to Rules 19, 20 and 21 of the Federal Rules of Civil Procedure to join a defendant and pursuant to Rule 37 to compel defendant China Crown Investments, Ltd. ("China Crown") to produce documents identified during the deposition of Chang Kim, and (2) a motion pursuant to Rule 37 to compel China Crown to produce documents identified during the deposition of Joseph Lau. Counsel for plaintiff failed to appear to argue the motions at 4:00 p.m. on November 14, 1990, the time set by the Court for oral argument. By memo endorsed dated November 14, 1990 the Court denied both motions for default of plaintiff's counsel to appear for argument. Plaintiff now moves to vacate the defaults pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion to vacate is granted in part. The discovery motions are granted to the extent indicated here. Plaintiff's motion to add Kim as a new party defendant is denied.

In the prior motion, plaintiff sought to join Chang Kim ("Kim"), president and chief operating and executive officer of defendant Exim Lines, Inc. ("Exim" or "Exim Lines"). According to plaintiff, the gist of the complaint against Exim Lines is that Exim Lines "had been negligent in permitting the other defendants to fraudulently and unjustifiably backdate Exim's bills of lading thereby concealing that fact that shipments of merchandise made by defendants to plaintiff were shipped not in accordance with the letters of credit which had been opened by the plaintiff" and which had been honored by the bank. Fox Aff. in Supp. of Mot. filed Oct. 10, 1990 ¶ 2.

On the basis of a deposition of Kim conducted on July 19, 1990 plaintiff's counsel alleges that Exim Lines is no longer in business, that Kim "made all day-to-day decisions, including hiring and firing of employees and was indeed the 'boss,' " id. ¶ 4, that an agent of Exim Lines, Freightways, had blank Exim Lines bills of lading and issued at least twenty Exim Lines bills of lading without prior approval and that Kim had detected two or three instances of backdating by Freightways and had threatened to terminate the agency which he did after the Morandi situation arose. Id. Plaintiff concludes that Kim was a control person of Exim Lines and was negligent in permitting Exim Lines' agent to issue Exim Lines bills of lading in a fraudulent fashion. Id. ¶ 5. Kim is not claimed to be an owner or director of Exim Lines. Cf. Frances T. v. Village Green Owners Assoc., 42 Cal.3d 490, 723 P.2d 573, 584, 229 Cal.Rptr. 456, 467 (1986) (individual liability proper where defendants were directors of corporate defendant) and People v. Dollar Rent–A–Car Sys., Inc., 211 Cal.App.3d 119, 259 Cal.Rptr. 191, 199 (Ct.App.1989) (majority stockholder and chief executive officer). But see National Survival Game, Inc. v. Skirmish, U.S.A., Inc., 603 F.Supp. 339 (S.D.N.Y.1985) (individual defendants were officers but were solely responsible for acts of wrongdoing).

Plaintiff's motion for joinder is governed by Rule 21 of the Federal Rules of Civil Procedures which provides in relevant part:

Parties may be dropped or added by order of the court on motion of any party

---

1. A default judgment was entered against Textport Corporation on May 3, 1990.

**14**

or of its own initiative at any stage of the action and on such terms as are just. Fed.R.Civ.P. 21. Rule 21 relates back to Rules 19 and 20 governing joinder of persons needed for just adjudication and permissive joinder. *See Barr Rubber Prods. Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126 n. 23 (2d Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). Joinder upon motion under Rule 21 is a matter within the Court's discretion. 7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1688 at 471 (1986).

 This action was commenced on July 11, 1988. Plaintiff's motion to join was filed more than two years later, on October 10, 1990. Late joinder of parties is disfavored for it tends to "open[ ] up a 'Pandora's box' of discovery." *Barr Rubber Prods. Co.,* 425 F.2d at 1127. Although a corporate officer may be held liable for a tort in which he personally participated, *see Bambu Sales, Inc. v. Sultana Crackers, Inc.,* 683 F.Supp. 899, 913 (E.D.N.Y.1988), *MacMillan Co. v. I.V.O.W. Corp.,* 495 F.Supp. 1134, 1137 (D.Vt.1980), the acts ascribed to Kim are not acts of direct and affirmative participation in the scheme. The only evidence presented is that Kim remonstrated with the third-party shipping agent for Exim Lines when it incorrectly issued bills of lading on behalf of Exim Lines and that Exim Lines terminated its agreement with the agent when it discovered errors in the bills of lading for the Morandi shipments. Fox Aff. in Supp. of Mot., Exh. A at 44, 55–56, 78; Mem. in Opp. filed Oct. 15, 1990, Exh. B. This is insufficient evidence of Kim's personal participation in the wrongful acts and plaintiff's motion to join Chang Kim as a defendant is denied. *See Bambu Sales,* 683 F.Supp. at 914 (dismissing complaint against party where "evidence suggests that he had no involvement at all in any wrongful acts by [corporate defendant]").

China Crown has agreed, *see* Marrow Aff. filed Oct. 19, 1990 ¶ (3), and is ordered to produce the documents identified at page 156 of the Kim deposition (Fox Aff. in Supp. of Mot., Exh. A at 156). If they cannot be located, China Crown's answer to plaintiff's oral request for production shall so indicate. Exim Lines is ordered to produce the documents identified in the June 26, 1990 letter addressed to Robert Marrow. (Fox Aff. in Supp. of Doc. Prod. filed Oct. 10, 1990, Exh. D at 2–3). Exim Lines' request for costs and for Rule 11 sanctions is denied.

IT IS SO ORDERED.