■ CHERRY GREEN PROPERTY CORP., Respondent, v FLORENCE WOLF et al., Appellants. [722 NYS2d 537] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered March 3, 2000, after a nonjury trial, insofar as ap-

pealed from, declaring that defendant shareholders' waiver of their right to dividends on their stock in plaintiff corporation is enforceable and binding on transferees of the shares, unanimously affirmed, with costs.

Defendants' voluntary waiver of their right to share in plaintiff corporation's profits, in exchange for which defendants received a valuable contract to service plaintiff's real property, is enforceable. Nothing in Business Corporation Law § 501 (c), which requires that each share of stock be equal to every other share of the same class, prohibits such a waiver, and no public policy is otherwise implicated. So long as there is no violation of public policy, a statutory right may be waived if made with knowledge of the right and the intention to waive it (*see, People ex rel. McLaughlin v Board of Police Commrs.*, 174 NY 450, 456; *Hadden v Consolidated Edison Co.*, 45 NY2d 466, 469). Defendants' waiver is also binding on their transferees. The general rule is that in the absence of contrary provisions in the statute under which a corporation is organized or in its bylaws, a transferee of a corporation's shares takes with no greater rights and subject to the same liabilities as the transferor (*see, Rochester & Kettle Falls Land Co. v Raymond*, 158 NY 576, 582-583). We reject defendants' argument that the general rule does not apply where, as here, all shares are of the same class. Defendants' argument that their oral waiver is barred by the Statute of Frauds is not preserved for appellate review (*see, Douglas Elliman-Gibbons & Ives v Kellerman*, 172 AD2d 307, *lv denied* 78 NY2d 856), and, we note, is based on a document not in evidence. Concur—Rosenberger, J. P., Williams, Andrias, Wallach and Saxe, JJ.