■ RUTH KASSOVER et al., Appellants, v PRISM VENTURE PART-
NERS, LLC, et al., Defendants, and RICHARD SABELLA, Respon-
dent. [67 NYS3d 610]—

Judgment, Supreme Court, New York County (Saliann
Scarpulla, J.), entered March 11, 2014, dismissing the
complaint as against defendants Richard Sabella and GCC
Realty Co., LLC (successor in interest to named defendants
PVP-GCC Holdingco II, LLC and The Garden City Company,
Inc.), unanimously affirmed, without costs. Appeal from order,
same court (Barbara R. Kapnick, J.), entered September 25,
2013, which granted defendants' motion for summary judg-
ment, and denied plaintiffs' motion to amend the complaint,
unanimously dismissed, without costs, as subsumed in the ap-
peal from the judgment.

Plaintiffs claim that defendants violated Business Corpora-
tion Law § 501 (c) by giving them less consideration for their
shares in connection with the merger of Prism Venture
Partners and Garden City Company than other shareholders
received.

Defendants established prima facie that plaintiffs were not
entitled to the same compensation as other shareholders,
because they declined to sign the letter agreement or assign-
ment agreement that other shareholders signed in exchange
for their compensation.

In opposition, plaintiffs failed to raise an issue of fact. They
argue that the letter agreement presented to them required
them to make an assignment that the other shareholders were
not required to make to acquire the same benefit. However, the
other shareholders signed separate assignment agreements,
pursuant to which they agreed to relinquish "any and all rights
and claims . . . under the Shareholder Agreement . . . with
respect to all GCC stock owned." Plaintiffs failed to show that,
on their face, those assignment agreements were different from
or narrower in scope than the assignment instrument referred
to in the letter agreement presented to them, or that different
consequences followed, simply because other shareholders' as-
signments were memorialized in documents separate from their
letter agreements.

Plaintiffs argue further that the letter agreements had a
discriminatory effect on them because they alone had claims to
assign. However, the record does not support this argument ei-
ther. Other shareholders were required, pursuant to their sep-

arate assignment agreements, to assign not only "claims" under the shareholder agreements but also rights, title, and interest. Moreover, Business Corporation Law § 501 (c) provides, in pertinent part, that "each share shall be equal to every other share of the same class"; plaintiffs failed to demonstrate that the statute requires that the effect of a particular transaction upon each shareholder be equal. Nor did plaintiffs show that the letter agreement and assignment presented to them would have adversely affected their "claims."

The evidence submitted by plaintiffs fails to rebut the case otherwise established by the record, that plaintiffs, who vigorously opposed the merger, simply did not like its terms, and, in plaintiff Philip Kassover's own words, made a "business decision" to reject it. Having exercised their right to make that choice, plaintiffs will not now be heard to claim unfair treatment as a result (*see generally Cherry Green Prop. Corp. v Wolf*, 281 AD2d 367 [1st Dept 2001]).

We note in addition that plaintiffs failed to raise an issue of fact whether defendant Sabella acted other than on behalf of the entities of which he was a managing member. Moreover, they failed to show that a violation of Business Corporation Law § 501 (c) could properly support a claim sounding in tort (*compare Fletcher v Dakota, Inc.*, 99 AD3d 43 [1st Dept 2012] [violation of human rights law]; *Matter of State of New York v Daro Chartours*, 72 AD2d 872 [3d Dept 1979] [fraudulent sale of vacation trips]; *La Lumia v Schwartz*, 23 AD2d 668 [2d Dept 1965] [invasion of privacy]).

The "new evidence" offered on plaintiffs' motion to amend the complaint is equivocal and fails to support their speculative argument.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Kahn and Kern, JJ.