DITTMAN v. EDISON ELECTRIC ILLUMINATING CO.

(Supreme Court, Appellate Division, Second Department.   May 5, 1911.)

EVIDENCE (§ 505*)—EXPERT WITNESS—FACTS AND CONCLUSIONS—PROVINCE OF JURY.

An expert witness, in an action by a servant for injuries by the breaking of a belt, cannot testify to his conclusion that the belt was unsafe for use, and could not have been fit at the time of the accident; but he must be limited to proof of the condition of the belt, its ability to resist strain, the likelihood of its breaking in its condition when subjected to use, and generally the facts in relation to it, from which the jury may infer whether or not it was a sufficient appliance.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2308; Dec. Dig. § 505.*]

Appeal from Trial Term, Kings County.

Action by Fred H. Dittman against the Edison Electric Illuminating Company. From a judgment for plaintiff, and from an order denying a motion for new trial made on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and WOODWARD, JJ.

H. Snowden Marshall, for appellant.
William G. Cooke (Howard O. Wood, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HIRSCHBERG, J. The plaintiff was injured in February, 1901, by the breaking of a belt, while working in the defendant's employ in its power house in the borough of Manhattan. The action, based on the defendant's negligence, was tried in January, 1903, and the plaintiff recovered a verdict, which was reversed by this court because an expert witness was permitted to testify that the belt was unsafe, instead of testifying to the facts in relation to it, from which the jury could infer its unsafe condition. See Dittman v. Edison Electric Ill. Co., 87 App. Div. 68, 71, 83 N. Y. Supp. 1078. On the second trial, a verdict was directed for the defendant; the judgment entered thereon, however, being afterward reversed by this court on the ground that the facts proven required the submission of the controversy to a jury. See Dittman v. Edison Elec. Ill. Co., 125 App. Div. 691, 110 N. Y. Supp. 87. On the latest trial, now under review, the same error was repeated which occurred in the first instance, and an expert witness was allowed to testify to the conclusion that the belt in question was unsafe for use, and could not have been fit at the time of the accident.

The evidence was condemned on the first appeal as being within the ruling in the case of Dougherty v. Milliken, 163 N. Y. 527, 57 N. E. 757, 79 Am. St. Rep. 608, to the effect that, where the jury can form a proper conclusion after facts known only to experts have been disclosed to them, it is the jury's province to draw the conclusion. Where, however, the conclusion depends as much upon expert knowledge as does the existence of the facts, the rule is otherwise. The learned counsel for the respondent argue in their brief that the case of Dougherty v. Milliken, supra, does not control, and insist that the case is only where the conclusion to be drawn from the facts is matter of expert knowledge as well as are the facts themselves. We held otherwise on the first appeal, and the rule there laid down must be regarded in this case as controlling. It seems quite clear, on re-examination, that the province of the experts should be limited to proof of the condition of the belt, its ability to resist strain, the likelihood of its breaking in its condition when subjected to the use to which it was put at the time of the accident, and generally all the facts in relation to it, from which the jury can infer whether or not it would be, or was, a sufficient appliance.

The judgment and order must be reversed, and new trial granted; costs to abide the event. All concur.