■ In the Matter of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., LTD., Appellant, v. HILLIER KRIEGHBAUM, as Administrator of the Estate of KATHERINE KRIEGHBAUM, Deceased, Respondent.— Appeal from an order of the Supreme Court at a Trial Term, entered August 17, 1973, in Warren County, which vacated a stay of arbitration. On August 8, 1969 the body of Katherine Krieghbaum was found in a drainage ditch beside Route 9L near its intersection with Bloody Pond Road in the Town of Lake George. Respondent, Katherine's father, seeks to recover against appellant under his automobile liability insurance policy claiming Katherine was a hit and run victim. The trial court after a hearing decided in favor of respondent. Appellant brings this appeal asserting that the trial court improperly admitted the opinion testimony of respondent's experts and that the trial court's decision was against the weight of the evidence. We find no merit in appellant's contentions. While there is no unquestioned proof as to the actual cause of Katherine's death, if the opinion testimony was properly admitted, there is strong evidence to establish that Katherine was a hit and run victim. Admittedly, there is countervailing physical evidence advanced by appellant which could be found to militate against such a finding, but on balance it cannot be said, on the instant record, that the trial court's finding is not supported by the evidence. The opinion evidence supplied by the County Coroner and the Chief of Police of the Town of Lake George at the time of the incident clearly supports the finding that Katherine was a hit and run victim. Appellant urges that neither witness sets forth a sufficient factual basis upon which to base his opinion. Thus, appellant argues that both opinions were speculative. However, it is clear that both witnesses were eminently qualified, having seen many hit and run victims in the course of performing their duties, and that both witnesses were basing their conclusions on a comparison between those prior victims and the condition of Katherine's body and the circumstances surrounding her death. A review of the entire record reveals a factual basis for the opinion of each witness. Finally, there is no merit in appellant's contention that the respondent's experts were improperly testifying as to the ultimate fact to be decided by the trier of fact. Where, as here, the trier of fact needs the professional or technical skill of the expert to aid the determination of the issue in dispute, the opinion of the expert is properly admitted (*Dougherty* v. *Milliken*, 163 N. Y. 527; *Clark* v. *Iceland S. S. Co.*, 6 A D 2d 544; *Dittman* v. *Edison Elec. Illuminating Co.*, 144 App. Div. 632). Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.