■ FRANK MILLER et al., Respondents, v FOOD FAIR STORES, INC., Appellant.—Appeal (1) from a judgment of the Supreme Court in favor of plaintiff, entered January 26, 1977 in Rensselaer County, upon a verdict rendered at a Trial Term, and (2) from an order of said court, entered February 3, 1977, which denied defendant's motion to set aside the verdict. The female plaintiff fell in defendant's store, suffering injuries to her shoulder, neck and ankle. Plaintiffs alleged that defendant's improper maintenance of its store was the proximate cause of the accident. After trial, the jury awarded the female plaintiff $21,000 and her husband $4,724.44 on his derivative cause of action. Defendant moved to set the verdict aside, and the trial court denied the motion. Defendant raises several objections to the verdict. First, it contends that plaintiffs' expert usurped the jury's function when he was allowed to testify that the floor

was unsafe. Defendant misconstrues the law on this subject. When the ultimate issue of fact requires technical testimony, the expert is entitled to draw his conclusions *(Matter of General Acc. Fire & Life Assur. Corp. v Krieghbaum,* 46 AD2d 713). It is only when the subject is one within the common knowledge of a jury that the expert may not give such opinions (Fisch, Evidence [2d ed], § 413). In the case at bar, it is apparent that a jury would not know whether a ramp met certain architectural standards and whether the structure, built in violation of those standards, was safe. The evidence was properly admitted. Further, the court properly charged the jury how it is to view the expert testimony. Nor do we think the trial court erred in taking notice of the fact that a customer entering a store may have his attention focused on merchandise on prominent display in the store. As the court noted, "it is the intention of the store when it displays merchandise that the customer look at it." Mrs. Miller later testified that that was what she in fact was doing. If it is defendant's contention that every customer should be expected to be watching the floor as he moves down the entry aisle, we find that unreasonable. Defendant complains that it was not permitted to introduce accident records to show that no accident had ever occurred in the same place that the instant accident occurred. Plaintiffs' attorney objected primarily on the grounds that the witness had not demonstrated how defendant determines what constitutes an accident, how it insures that all accidents are reported and how the court can determine that the records, admittedly prepared for the insurer, are accurate. We would agree with the trial court that documents offered to prove no prior accident had occurred are not admissible until it is established that the documents will indeed be a reliable indication of what they are expected to prove. Defendant finally contends that the verdict was excessive. We have often reiterated that a jury's award will not be disturbed unless it shocks the conscience of the court *(Welty v Brown,* 57 AD2d 1000, app dsmd 42 NY2d 995). The evidence of pain, suffering and permanency was undisputed here. The jury had the opportunity to view the witness four years after the accident. Reduced activity and increased household expenses resulted. We are not shocked by the verdict upon this record. Judgment and order affirmed, with costs. Greenblott, J. P., Kane, Staley, Jr., and Main, JJ., concur; Sweeney, J., dissents and votes to reverse in the following memorandum. Sweeney, J. (dissenting). I am unable to agree with the majority and, therefore, vote to reverse. The expert witness, a practicing architect, was asked if he could give his opinion as to whether the aisleway where plaintiff fell conformed to recognized standards and accepted architectural principles. He replied he could and when asked for his opinion answered, "the condition of the floor was in not a safe condition". This, in my view, constituted error requiring reversal. The answer was not only unresponsive, it improperly usurped the function of the jury. The judgment, therefore, should be reversed, and a new trial ordered.