■ GRACE CLELAND, Appellant, v FORT TICONDEROGA ASSOCIATION, INC., et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered September 14, 1978 in Essex County, which dismissed the complaint in this action as against defendant John H. G. Pell on the ground that he is not a necessary party to this action. At approximately 3:00 A.M. on May 10, 1975, the capture of Fort Ticonderoga by Ethan Allen and his Green Mountain Boys was re-enacted at the fort, and plaintiff, who was in attendance at the event, sustained injuries when she fell into a stairwell which was allegedly inadequately lighted. As a result, the present action was instituted against the corporate defendants and also against the president of the Fort Ticonderoga Association, John H. G. Pell, individually. Thereafter, upon a motion made by the attorney for defendant Pell, Special Term dismissed the complaint as against Pell individually on the ground he is not a necessary party to the action, and the instant appeal followed. We hold that Special Term's order should be reversed. The alleged negligence which plaintiff contends resulted in her injuries was the failure of defendants to provide sufficient lighting in the area of Fort Ticonderoga during the event early in the morning on May 10, 1975, and at a court ordered examination before trial on April 29, 1976, the curator of the fort testified that Pell participated in the decision as to where to place the lighting. Additionally, the general manager of Fort Ticonderoga Association also testified that Pell approved the decision as to where the lights should be placed, and at a later court ordered examination before trial on October 24, 1977, Pell himself testified that he had personally inspected the illumination arrangements. Under these circumstances, since corporate officers are liable individually for torts which they personally commit while acting in their official capacities (*Bailey v Baker's Air Force Gas Corp.*, 50 AD2d 129, mot for lv to app den 39 NY2d 708; *La Lumia v Schwartz*, 23 AD2d 668), the possibility that Pell may be individually liable to plaintiff for her injuries in this instance cannot be entirely discounted. Accordingly, to ensure that complete relief is accorded between the various parties, the complaint should not have been dismissed as against Pell (see CPLR 1001). Order reversed, on the law and the facts, without costs, and complaint reinstated as against defendant Pell. Greenblott, J. P., Sweeney, Main and Mikoll, JJ., concur; Staley, Jr., J., not taking part.