■ ROBERT BELLINZONI et al., Appellants, v BIRGER SELAND, Individually and Doing Business as SELCO BUILDING CONSTRUCTION, Defendant and Third-Party Plaintiff-Respondent. ALSIDE SUPPLY COMPANY, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered April 25, 1986, which, after the presentation of evidence by the parties, granted the defendant's motion to dismiss the complaint.

Ordered that the judgment is reversed, with costs, and a new trial is granted.

An officer of a corporation, such as the defendant Birger Seland, who participates in the commission of a tort by the corporation is personally liable therefor (see, Clark v Pine Hill Homes, 112 AD2d 755; Matter of State of New York v Daro Chartours, 72 AD2d 872, 873; Cleland v Fort Ticonderoga Assn., 71 AD2d 740; Bailey v Baker's Air Force Gas Corp., 50 AD2d 129, lv denied 39 NY2d 708; La Lumia v Schwartz, 23 AD2d 668). In the case at bar, the defendant Birger Seland

personally supervised and participated in the construction work which the plaintiffs allege was performed negligently and gave rise to the plaintiff Robert Bellinzoni's injuries.

The plaintiffs attempted to demonstrate the defendant Birger Seland's negligence through the testimony of a professional engineer who had extensive experience in the design and construction of wood structures and had for several years been involved in the supervision of carpentry work. The trial court abused its discretion by prohibiting this witness from testifying as an expert and giving his opinion as to the competence of the defendant Birger Seland's workmanship (see, Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410; Meiselman v Crown Hgts. Hosp., 285 NY 389, 398-399; Miller v Food Fair Stores, 63 AD2d 766). Moreover, although there had been minor alterations to the structure from which the plaintiff Robert Bellinzoni fell between the time of the accident and the expert's inspection, none of these changes was sufficient to prevent the expert from becoming familiar with and testifying with regard to the condition of this mezzanine at the time of the accident and the method of construction (cf. Feldsberg v Nitschke, 49 NY2d 636, 646).

Finally, since the defendant Birger Seland conceded that he had formulated the specifications for the structure in question, at the retrial of this matter the plaintiffs' expert should be permitted to testify as to his opinion of the adequacy of these specifications.

The plaintiffs' remaining contention has been examined and found to be without merit. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.