■ STEPHEN I. WIDLITZ, Appellant-Respondent, v PAUL SCHER et al., Respondents-Appellants. (And Another Action.)— In an action to, *inter alia,* recover damages for breach of a construction contract, the plaintiff appeals, (1) from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated November 2, 1987, as granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint as against the defendant Paul Scher in his individual capacity, and (2) from so much of an order of the same court, dated March 3, 1988, as upon reargument, adhered to its prior determination. The defendants purportedly cross-appeal from so much of the order dated March 3, 1988, as denied that branch of their cross motion which was for summary judgment dismissing the complaint as against the defendant Paul Scher Ltd.

Ordered that the appeal from the order dated November 2, 1987 is dismissed, as that order was superseded by the order dated March 3, 1988; and it is further,

Ordered that the order dated March 3, 1988 is reversed insofar as appealed from by the plaintiff and the defendants' cross motion for summary judgment is denied in its entirety; and it is further,

Ordered that the purported cross appeal is dismissed, without costs or disbursements, for the failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.8; *see, Kapchan v Kapchan,* 104 AD2d 358, 359); and it is further,

Ordered that the plaintiff is awarded one bill of costs.

We agree with the contention of the plaintiff Stephen I. Widlitz that the court misapprehended his theory of recovery. Rather than attempting to "pierce the corporate veil", the plaintiff was merely seeking to hold the defendant Paul Scher personally liable for a personal tort, committed by him in the furtherance of his corporation's business. "An officer of a corporation * * * who participates in the commission of a tort by the corporation is personally liable therefor" *(Bellinzoni v Seland,* 128 AD2d 580; *see also, Raymond Corp. v Coopers & Lybrand,* 105 AD2d 926; *Dupack v Nationwide Leisure Corp.,*

70 AD2d 568; 15 NY Jur 2d, Business Relationships, § 1079, at 352). Having demonstrated the existence of factual issues requiring a trial *(see, Zuckerman v City of New York,* 49 NY2d 557), that branch of the defendants' cross motion which was for summary judgment dismissing the complaint as against the defendant Paul Scher in his individual capacity should have been denied. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.