■ ROGER RAVEL, Appellant, v DIRCO ENTERPRISES, INC., et al., Respondents.—In an action to recover damages, *inter alia,* for breach of contract, fraud, and conversion, and for an accounting, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Marbach, J.), entered April 25, 1988, which, *inter alia,* determined that a document dated April 4, 1984, constituted a genuine agreement between the plaintiff and defendant Dirco Enterprises, Inc., with an enforceable arbitration clause, directed arbitration of the dispute between him and Dirco Enterprises, Inc., and severed the action against the individual defendant Jana DiResta, and (2) an order of the same court, entered July 15, 1988, which granted a motion of Jana DiResta to dismiss the complaint against her.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff Roger Ravel, an attorney, wishing to refurbish and renovate what was formerly a nursing home, retained a contractor to design and supervise the project for a 25% commission. The plaintiff alleged that he contracted with Jana DiResta for all of the work to be undertaken. Jana DiResta maintains, however, that the plaintiff contracted with the corporation of which she was an employee, to wit, Dirco Enterprises, Inc.

The plaintiff commenced the instant action against Dirco Enterprises, Inc. and Jana DiResta. Dirco Enterprises, Inc., moved to compel arbitration prior to serving and filing its answer, invoking a broad arbitration clause which it claimed was contained in its contract with the plaintiff. The court held that motion in abeyance pending further discovery, and subsequently directed a hearing on the issue of the genuineness of the contract that the plaintiff had ostensibly entered into with Dirco Enterprises, Inc.

At the hearing on April 15, 1988, Dirco Enterprises, Inc., presented to the court a contract on its letterhead dated April 4, 1984, and bearing the plaintiff's signature. The contract contained the following provision: "Any dispute or disagree-

ment between parties arising out of or relating to this agreement shall be settled by arbitration under the rules of the American Arbitration Association and judgment upon the award may be entered in any court having jurisdiction".

When the plaintiff was called to the stand, he admitted that the signature on the document was his, that he had read the instrument before signing it, and that work had been performed on his property pursuant to it. The court thereafter concluded that the contract was genuine, referred the dispute between the plaintiff and Dirco Enterprises, Inc., to arbitration, and severed the action against the individual defendant. Upon a motion by the individual defendant, the complaint against her was subsequently dismissed.

On appeal, the plaintiff contends that the Supreme Court erred in failing to determine, before referring the case to arbitration, whether the corporate veil of Dirco Enterprises, Inc., should be pierced on the basis of fraud, conversion, and misuse of a corporate "shell" on the part of the individual defendant. He further alleges that the corporate defendant waived whatever right it might have had to arbitration by its vigorous participation in the instant litigation. The plaintiff's contentions are without merit.

The Supreme Court noted that one of the issues to be addressed at the hearing on April 15, 1988 was "the genuineness of the agreement" between the plaintiff and Dirco Enterprises, Inc. There is no indication whatever in the record that the court prevented either side from adducing admissible proof in support of its position on this issue. Had the plaintiff any evidence to present to defeat the facial integrity of the contract—to prove, for example, that a grand fraudulent scheme permeated the entire contract, including the arbitration provision, such that the instrument together with its agreement to arbitrate should fall *(Matter of Weinrott [Carp],* 32 NY2d 190, 197), or that for reasons of corporate abuses, the corporate veil should be pierced—he should have submitted it at the hearing. It is well established that the burden is on the party seeking to disregard the corporate form to establish that there is a basis on which to pierce the corporate veil *(Brunswick Corp. v Waxman,* 459 F Supp 1222, *affd* 599 F2d 34). The plaintiff presented no evidence at all, either before the Supreme Court or on this appeal, in support of his claims. The entire matter, including the plaintiff's allegations of fraud, was therefore properly referred to arbitration for resolution *(Matter of Weinrott [Carp], supra; Oberlander v Fine Care,* 108 AD2d 798; *Matter of Weiss [Manasse],* 36 AD2d 555).

There is also no merit to the plaintiff's claim that the corporate defendant waived arbitration by vigorously participating in the instant lawsuit. Rather, immediately upon being sued, Dirco Enterprises, Inc., brought on a motion to compel arbitration, and only when ordered to do so by the court did it interpose an answer and engage in discovery. This is not, therefore, a case in which a defendant "by his litigation activity manifested a preference 'clearly inconsistent with [his] later claim that the parties were obligated to settle their differences by arbitration' * * * and thereby elected to litigate rather than arbitrate" (Sherrill v Grayco Bldrs., 64 NY2d 261, 272).

We further find that dismissal against the individual defendant was proper where, as here, the only proof adduced at the evidentiary hearing held on April 15, 1988 established that the plaintiff had contracted and dealt exclusively with the corporate entity. The plaintiff's utterly unsupported allegations as to his purported dealings with the individual defendant, and/or as to the individual defendant's alleged misuse of corporate assets, do not suffice to raise a triable issue of fact.

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.