■ Timothy H. Poley et al., Respondents-Appellants, v Rochester Community Savings Bank et al., Appellants-Respondents. (Appeal No. 1.)—Order insofar as appealed from unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Supreme Court properly granted defendant Warshof's motion for summary judgment dismissing the fourth cause of action of the amended complaint. The uncontroverted facts indicate that no defamatory statement was made by Warshof on the alleged date—September 12, 1986. Plaintiffs did, however, raise a factual issue with respect to whether Warshof made the alleged defamatory statement to one or more officers of APlan Holding Company at some time shortly after that date. Accordingly, we modify the order to grant plaintiffs leave to amend their complaint consistent with the averments set forth in the Heikkila affidavit (see, Blue Cross v Wheeler, 93 AD2d 995; Myers v Coradian Corp., 92 AD2d 643). We reject defendant Warshof's contention that statutory sanctions (see, CPLR 8303-a) should have been imposed. Whether Warshof made the alleged statement is a factual issue precluding an award of sanctions at this time. (Appeals from order of Supreme Court, Monroe County, Tillman, J.—sanctions; summary judgment.) Present—Dillon, P. J., Boomer, Green and Balio, JJ.

■ Timothy H. Poley et al., Appellants, v Rochester Community Savings Bank et al., Respondents. (Appeal No. 2.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiffs alleged in their complaint that defendant Warshof and his attorney submitted affidavits in related litigation which contained false and libelous statements not relevant to that litigation. We conclude that Supreme Court did not err in granting defendants' preanswer motion to dismiss for failure to state a cause of action. Although the statements were not relevant to the issues raised on the motion made in the related litigation, neither statement was "so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame" (Martirano v Frost, 25 NY2d 505, 508; cf., Dachowitz v Kranis, 61 AD2d 783, 784, mot to dismiss denied 47 NY2d 773).

The court erred, however, in granting the motion of defendants Simon, Hammele and Hostutler for sanctions pursuant to CPLR 8303-a. Implicit in the court's denial of the request

for sanctions by other defendants is a finding that the claim of libel was not "frivolous" within the meaning of CPLR 8303-a. A different conclusion with respect to Simon, Hammele and Hostutler was not warranted. As officers and directors of defendant bank, the individuals could be held personally liable if they participated in the alleged wrongful conduct *(see, Clark v Pine Hill Homes,* 112 AD2d 755). Allegations that these individual defendants consented to and approved the insertion of the statements in the affidavits were facially sufficient to support a claim of liability *(see, Cleland v Fort Ticonderoga Assn.,* 71 AD2d 740). Accordingly, the imposition of sanctions was improper and that portion of the order awarding sanctions should be deleted. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—dismiss complaint; imposition of costs.) Present—Dillon, P. J., Boomer, Green and Balio, JJ.