■ BARRY GOTTEHRER, Appellant, v VIET-HOA Co., Defendant and BANG LUONG, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated April 13, 1989, which granted the respondent's motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The appellant's contention that the contract executed by the respondent obligated him individually is wholly without merit. The contract clearly states that the corporate entity is the party to the agreement and the respondent executed the contract in his corporate capacity. Nowhere in the contract is there any indication that it was the intent of the parties that the respondent was to be held liable in an individual capacity. As the contract was executed by the respondent in his corporate capacity, it cannot form the basis for any personal liability upon him and summary judgment was properly granted in his favor (see, Gold v Royal Cigar Co., 105 AD2d 831).

Courts have the authority to look beyond the corporate form only to prevent fraud or to achieve equity *(see, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). A corporate officer charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears that he acted in good faith as an officer and did not commit independent torts or predatory acts against another *(see, Citicorp Retail Servs. v Wellington Mercantile Servs.,* 90 AD2d 532). As there has been no showing that the respondent utilized his position to perpetuate a fraud either upon the appellant or the corporation, there is no basis upon which to pierce the corporate veil and hold the respondent personally liable. Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.