In the Matter of the Complaint of POLING TRANSPORTATION CORP., as owner pro hac vice of the Motor Vessel "Poling Bros. No. 7" and and Motor Vessel Poling Bros. No. "7" Inc., as Owner of the Motor Vessel "Poling Bros. No. 7," Plaintiffs,

for Exoneration form or Limitation of Liability.

No. 87 Civ. 8505 (RWS).

United States District Court, S.D. New York.

Dec. 20, 1991.

Connell Losquadro & Zerbo, New York City, for plaintiff Poling Transp. Corp.; William F. Losquadro and Donna Marie Zerbo, of counsel.

Bower & Gardner, New York City, for claimants Long Island R. Co. and Metropolitan Transp. Authority; Patrick J. Kenny, of counsel.

Jacob D. Fuchsberg Law Firm, New York City, for claimants Antonio Coca and Sylvia Coca; James M. Lane, of counsel.

Stanley P. Danzig, New York City, for claimant David Theophilous.

MEMORANDUM OPINION

SWEET, District Judge.

Claimant Oscar Porcelli ("Porcelli") has moved for summary judgment dismissing the cross-claim and counterclaims against him in this action. For the following reasons, the motion is denied.

The parties and facts involved in this action are discussed in prior opinions of this court, familiarity with which is assumed. *See In re Complaint of Poling Transp. Corp.*, 776 F.Supp. 779 (S.D.N.Y. 1991); *In re Complaint of Poling Transp. Corp.*, 764 F.Supp. 857 (S.D.N.Y.), *modified in part on reh'g*, 764 F.Supp. 857 (S.D.N.Y.1991).

Porcelli is the sole director, officer and shareholder of Ditmas Oil Associates, Inc. ("Ditmas"), Chambers Transport, Inc. ("Chambers"), Lusa Realty, Inc. ("Lusa"), Gaseteria Inc. ("Gaseteria") and Racal Construction Company ("Racal") (collectively, the "Porcelli Corporations"). In this action, Porcelli is the subject of (1) a counterclaim by Poling Transportation Corporation and Motor Vessel Poling Bros. No. 7, Inc. ("Poling") for damages to the Motor Vessel Poling Bros No. 7 (the "Vessel") and for contribution and/or indemnification for any liability resulting from this action; and (2) a cross-claim by the Long Island Railroad Company and the Metropolitan Transportation Authority (the "LIRR/MTA") for contribution and/or indemnification for any liability resulting from actions against them in New York State Supreme Court, Queens County (the "State Court Actions"), relating to the explosion and fire at issue in this action. Porcelli and the Porcelli Corporations have made a claim against Poling for property damage and for contribution and/or indemnification in the event that they are found liable in the State Court Actions.

Porcelli filed the present motion on October 29, 1991. Oral argument was heard on November 13, 1991. The thrust of the argument in opposition to the motion was that summary judgment was inappropriate at this time because Porcelli had consistently blocked any attempts to ascertain facts relevant to whether he may be held individually liable by piercing the corporate veil of the Porcelli Corporations and to whether he personally participated in the allegedly wrongful conduct leading to the fire and explosion. The court instructed the parties that they would be allowed to renew the deposition of Porcelli, at which the privilege would no longer be relevant.

On December 17, 1991, Porcelli supplied the court with transcripts of his renewed depositions, which were conducted on November 22, 1991 and December 12, 1991.

The motion was considered fully submitted as of that date.

Because neither Poling nor the LIRR/MTA have pleaded disregard of the corporate form as a basis for Porcelli's liability,[1] any facts relating to the question of whether the corporate veil may be pierced are not material and do not create genuine issues for trial.

Poling asserts that it is entitled to contribution and/or indemnification from Porcelli and the Porcelli Corporations because "[t]he injuries, losses and damages alleged in [the] claims in this action ... were caused, in whole or in part, by faults and negligence on the part of [Porcelli and the Porcelli Corporations]." Poling Counterclaim ¶ THIRD. Likewise, the LIRR/MTA states as the basis of its claim for contribution and/or indemnification against Porcelli and the Porcelli Corporations "the active carelessness, recklessness and negligence of said claimants with respect to maintenance, inspection and repair of facilities at the Ditmas terminal premises, and with respect to their actions concerning the discharge of gasoline on December 27–December 28, 1986." LIRR/MTA Claim and Amended Answer ¶¶ TWELFTH & FIFTEENTH.

Under New York law, "corporate officers may be held personally liable for personal torts committed in the performance of their duties for their corporation." *Westminster Constr. Co. v. Sherman,* 160 A.D.2d 867, 868, 554 N.Y.S.2d 300, 301 (2d Dept.1990); *Widlitz v. Scher,* 148 A.D.2d 530, 530, 540 N.Y.S.2d 179, 179 (2d Dept. 1989); *Bellinzoni v. Seland,* 128 A.D.2d 580, 580, 512 N.Y.S.2d 846, 847 (2d Dept. 1987); *Clark v. Pine Hill Homes, Inc.,* 112 A.D.2d 755, 755, 492 N.Y.S.2d 253 (4th Dept.1985); *Cleland v. Fort Ticonderoga Assoc., Inc.,* 71 A.D.2d 740, 740, 419 N.Y.S.2d 261, 262 (3d Dept.1979).

Porcelli's testimony at his renewed depositions demonstrates that there is a genuine issue for trial as to his personal partic-

---

**1.** The Individual Claimants have pleaded the corporate veil theory in their claims against Porcelli in the State Court Actions, which have been stayed pending the resolution of this exoneration proceeding. Nevertheless, the Individual Claimants have not brought cross-claims against Porcelli and the Porcelli Corporations in this action.

ipation in the commission of the alleged wrong.

Porcelli has repeatedly maintained that all terminal management and maintenance responsibilities were delegated to other individuals and that he made no decisions as to terminal repair and design. He testified that after a previous spill, in October of 1986, it was terminal manager, George Essayan, who investigated the accident and determined that the proper course of action was to fire the dispatcher on duty at the time of the spill. He testified, nevertheless, that *"[w]e didn't find any fault with the design of the terminal. We found fault with the dispatcher,"* and that he concluded that there was no fault or defect in the design or construction of the terminal because *"[e]verything was functioning."* Porcelli Dep. Tr. (Dec. 12, 1991) at 13 (emphasis added). He further testified that *"I found the terminal to be sufficient and proper to operate the way we have permits approved by the Fire Department of the City of New York." Id.* at 14 (emphasis added).

Mr. Porcelli also testified that after the December 1986 spill, which forms the subject of this action, he *personally* made changes to channels in the grading drainage system, building a retaining wall in the channel to "avoid any spill into the street." *Id.* at 25–27, 41–42.

Taken together, this testimony raises a significant question as to whether Porcelli exercised authority over and actually made decisions having to do with terminal design and repair. Because negligence in the design, inspection, and repair of the terminal are at issue in this action, Porcelli's possible involvement in decisions relating thereto is a genuine issue for trial. Therefore, Porcelli's motion for summary judgment dismissing the counterclaims and cross-claim against him is denied.

It is so ordered.