■ EDWARD M. KATZ, Appellant, v N. Y. TINT TAXI CORP. et al., Defendants, and JACOB ELBERG, Respondent. [624 NYS2d 65] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Krausman, J.), entered October 28, 1993, which dismissed the complaint insofar as it is asserted against the defendant Jacob Elberg, and (2) an order of the same court, dated November 29, 1993, which denied reargument.

Ordered that the appeal from the order is dismissed since

no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff was allegedly struck by a taxicab owned by the defendant N. Y. Tint Taxi Corp. (hereinafter Tint Taxi) and driven by the defendant Massoud Safarpour. The defendant Jacob Elberg, the sole owner and shareholder of Tint Taxi, moved for summary judgment dismissing the complaint insofar as it is asserted against him individually, arguing that he is not liable for the plaintiff's injuries. In response, the plaintiff argued that Elberg is personally liable for his injuries because Tint Taxi is merely a dummy corporation that Elberg uses to conduct his own personal business and because Elberg exercises complete dominion and control over Tint Taxi *(see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135; *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652; *Cooperstein v Patrician Estates,* 97 AD2d 426; 13 NY Jur 2d, Business Relationships, §§ 26, 27).

The party seeking to pierce the corporate veil has the burden of establishing that there is a basis to do so *(see, Ravel v Dirco Enters.,* 159 AD2d 564; *Marino v Dwyer-Berry Constr. Corp.,* 146 AD2d 750). Here, the plaintiff failed to meet this burden. The only evidence submitted by the plaintiff in support of piercing the corporate veil was the speculative, hearsay affidavit of his attorney. Indeed, despite the fact that Elberg had been deposed before he moved for summary judgment, none of the testimony adduced at the deposition was submitted by the plaintiff in opposition to Elberg's motion. (By a decision and order on motion of this Court dated December 8, 1994, a transcript of Elberg's testimony was struck from the record on appeal for this reason.) Accordingly, since the record on appeal is devoid of any evidence to support piercing the corporate veil, the Supreme Court properly granted Elberg summary judgment and dismissed the complaint insofar as it is asserted against him. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.