■ DOMINICK MAGGIO et al., Appellants, v BECCA CONSTRUCTION CO., INC., et al., Defendants, and JERROLD GORELICK, Respondent. [644 NYS2d 802] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal, as limited

by their brief, from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated June 23, 1995, as granted the motion of the defendant Jerrold Gorelick for summary judgment dismissing the complaint as against him individually.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs seek, *inter alia,* to recover damages for breach of a real estate contract. The defendants alleged as an affirmative defense that the action was time barred. The defendant Jerrold Gorelick, the president of the defendants Becca Construction Co., Inc. (hereinafter Becca), and Daremy Land Development Corp. (hereinafter Daremy), moved for summary judgment dismissing the complaint insofar as it is asserted against him individually, arguing that he is not liable to the plaintiffs in his individual capacity. In response, the plaintiffs argued that Gorelick is personally liable, under a theory of piercing the corporate veil, because Gorelick exercised complete dominion and control over Becca. Additionally, the plaintiffs sought to reach the assets of Daremy, which is partially owned and presided over by Gorelick. The plaintiffs allege that Gorelick used the two corporate forms to commit wrongdoing in the building and inspection of the subject houses (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135; *Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). Moreover, the plaintiffs contend that even if the corporate form is not disregarded in this instance, Gorelick may still be held personally liable for tortious acts committed in his capacity as president of Becca and Daremy (*see, Bellinzoni v Seland,* 128 AD2d 580). By order dated June 23, 1995, the Supreme Court found that the action was not time barred. Moreover, the Supreme Court found that the plaintiffs advanced no basis upon which Gorelick may be held personally liable.

We affirm. It is well-settled that the party seeking to pierce the corporate veil has the burden of establishing that there is a basis to do so (*Katz v N. Y. Tint Taxi Corp.,* 213 AD2d 599; *see also, Marino v Dwyer-Berry Constr. Corp.,* 146 AD2d 750). Here, the plaintiffs failed to meet this burden. Specifically, the plaintiffs have not put forth any evidence to substantiate a claim that the two other shareholders of Becca and Daremy, James Kapler and David Steckel, were not acting in their corporate capacities as vice-president and construction supervisor, and treasurer and chief financial officer, respectively. In addition, the plaintiffs have not provided any evidence that

there were no corporate minutes, no board of directors, no shareholders, and no corporate books, records, or bank accounts *(see, McMullin v Pelham Bay Riding,* 190 AD2d 529). There is no evidence that Gorelick exercised complete domination and control over corporate affairs so as to warrant further inquiry as to whether the corporate veil should be pierced under the criteria set forth in *Bowles v Errico* (163 AD2d 771, 773).

Moreover, the plaintiffs failed to submit sufficient proofs to substantiate their claims of tortious activity on the part of Gorelick sufficient to hold him personally liable for his acts as president of Becca and Daremy *(see, Gottehrer v Viet-Hoa Co.,* 170 AD2d 648 ; *Bellinzoni v Seland,* 128 AD2d 580, *supra).* Accordingly, summary judgment dismissing the complaint as against Gorelick was proper.

The defendants' contentions with regard to the timeliness of the action are not properly before us on this appeal, as the defendants have not taken a cross appeal from that portion of the Supreme Court's order finding that the action was timely commenced. Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.