■ NICHOLAS FRATTALONE, Appellant, v LEO FREUND, Defendant, and BARUCH MARKOWITZ et al., Respondents. [662 NYS2d 564] —In an action to recover damages for breach of a partnership agreement, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated March 4, 1996, as granted that branch of the motion by the defendants Baruch Markowitz, Isaac Markowitz, and Hersel Sonbolian which was for summary judgment dismissing the complaint insofar as asserted

against them, and (2) from a judgment of the same court, dated May 7, 1996, entered upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Once the movant has made a prima facie showing of entitlement to summary judgment, it is incumbent upon the party opposing the motion to "show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Here, the Supreme Court properly granted the motion by the defendants Baruch Markowitz, Isaac Markowitz, and Hersel Sonbolian for summary judgment inasmuch as the plaintiff's submissions failed to indicate that these defendants were personally liable to the plaintiff (*see generally, Zuckerman v City of New York,* 49 NY2d 557; *see,* Partnership Law § 28). Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.