■ Margaret Felder et al., Respondents, v R and K Realty, Defendant, and Alfred Cretella, Appellant. [744 NYS2d 213] —In an action to recover damages for personal injuries, etc., the defendant Alfred Cretella appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.),

dated August 22, 2001, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On March 2, 1997, the plaintiff Margaret Felder (hereinafter the plaintiff) was injured when she fell from the third floor of a building owned by a nonparty, A.K. Realty Holdings, Inc. (hereinafter A.K. Realty). The plaintiff alleges that while she was cleaning the window in her apartment the window dislodged from the frame causing her to lose her balance and fall through the window opening to the ground. Approximately four months prior to this occurrence, on November 15, 1996, ownership of the building was transferred from the defendant Alfred Cretella (hereinafter Cretella) to A.K. Realty, a corporation wholly owned by Cretella.

The plaintiff commenced this action against Cretella and an entity known as R and K Realty, alleging that the building was owned, maintained, and managed by both defendants. Cretella moved for summary judgment on the basis that he was neither the owner nor the managing agent of the building at the time of the accident. In her affidavit in opposition to the motion the plaintiff stated, inter alia, that after the transfer of ownership Cretella continued to do "everything a building owner and/or managing agent would do." Cretella denied that he managed the building either before or after the sale to A.K. Realty. The Supreme Court denied Cretella's motion, finding that there were "conflicting issues of fact" which could not be summarily resolved. We reverse.

It is settled that a managing agent can be "subject to liability for nonfeasance * * * if it were in complete and exclusive control of the management and operation of the building" (*Ioannidou v Kingswood Mgt. Corp.*, 203 AD2d 248, 249). However, it is also established that "[a] corporate officer is not held liable for the negligence of the corporation merely because of his official relationship to it" (*Clark v Pine Hill Homes*, 112 AD2d 755; *see also Trustco Bank N.Y. v S/N Precision Enters.*, 234 AD2d 665). Therefore, even assuming the truth of the plaintiff's allegations that Cretella continued to act as managing agent after the transfer of ownership to A.K. Realty, he would have done so only as an officer of that corporation. Furthermore, the plaintiff has not demonstrated any ground for piercing the corporate veil in this case (*see Maggio v Becca Constr. Co.*, 229 AD2d 426; *Katz v N.Y. Tint Taxi Corp.*, 213

AD2d 599). Accordingly, there is no basis to hold Cretella personally liable for the plaintiff's injuries and he is entitled to summary judgment dismissing the complaint insofar as asserted against him (*see Frattalone v Freund,* 242 AD2d 600; *see generally Zuckerman v City of New York,* 49 NY2d 557). Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.