■ SHIRLEY BERNSTEIN, Respondent, v STARRETT CITY, INC., et al., Appellants, and SIDNEY BERGER et al., Respondents. [758

NYS2d 658] —In an action to recover damages for personal injuries, the defendants Starrett City, Inc., Starrett City Associates, Starrett Brothers and Eken Incorporated, Harvey Rudman, and Starrett Protective Svc. appeal from so much of an order of the Supreme Court, Kings County (Hall, J.), dated November 20, 2001, as denied that branch of the cross motion of the defendants Starrett Brothers and Eken Incorporated, Harvey Rudman, and Starrett Protective Svc. which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeals by the defendants Starrett City, Inc., and Starrett City Associates are dismissed, as those defendants are not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants Starrett Brothers and Eken Incorporated, Harvey Rudman, and Starrett Protective Svc. is granted, the complaint and all cross claims are dismissed insofar as asserted against them, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the appellants Starrett Brothers and Eken Incorporated, Harvey Rudman, and Starrett Protective Svc.

The plaintiff allegedly tripped and fell in a shopping center parking lot (hereinafter the premises) near a pharmacy located at 1346 Pennsylvania Avenue in Brooklyn. The defendants Starrett City Associates (hereinafter SCA) and Starrett City, Inc. (hereinafter SCI), owned the subject premises. SCI was the general partner of SCA, a New York limited partnership. SCI, on behalf of SCA, leased the pharmacy to the defendants Starrett City Pharmacy, Inc., and Thriftway Starrett City Drug Corp. The defendant Harvey Rudman was the president of SCI.

The plaintiff also sued, among others, the defendants Starrett Brothers and Eken Incorporated and Starrett Protective Svc. (hereinafter the Starrett defendants), which neither owned, managed, nor exercised control over the premises.

To prove a prima facie case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was the proximate cause of his or her injuries (see *Pulka v Edelman,* 40 NY2d 781 [1976]; *Gordon v Muchnick,* 180 AD2d 715 [1992]). Absent a duty of care, there is no breach and no liability (see *Pulka v Edelman, supra*; *Gordon v Muchnick, supra*).

The Starrett defendants did not owe any duty of care to the plaintiff. They established their prima facie entitlement to summary judgment by demonstrating that they did not own, operate, or exercise control over the subject premises. The evidence also established that neither of these defendants engaged in any conduct which caused or contributed to the plaintiff's accident. In opposition, the plaintiff failed to raise a triable issue of fact.

It is well settled that a corporate officer may not be held liable for the negligence of the corporation merely because of his or her official relationship to it (*see Felder v R&K Realty,* 295 AD2d 560 [2002]; *Clark v Pine Hill Homes,* 112 AD2d 755 [1985]). Rudman was entitled to summary judgment since he established that he did not act in his individual capacity or commit any tort outside the scope of his corporate capacity as president of SCI (*see generally Maggio v Becca Constr. Co.,* 229 AD2d 426 [1996]; *Kramer v Twin County Grocers,* 151 AD2d 722 [1989]), and the plaintiff failed to raise a triable issue of fact. Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.