■ DIANE MANAGO, Appellant, v PROFESSIONAL SERVICE, INC., et al., Respondents. [778 NYS2d 914]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), entered July 24, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Professional Service, Inc., and Proposo, Inc., and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff.

The Supreme Court correctly determined that the individual defendant, Michael Yohanuas, was entitled to summary judgment. The defendants established that Yohanuas, the director of operations for the defendant Professional Service, Inc., did not act in his individual capacity to create the alleged defect or commit any tort outside of his corporate capacity (*see Bernstein v Starrett City*, 303 AD2d 530 [2003]; *Felder v R & K Realty*, 295 AD2d 560 [2002]). In opposition to the defendant's motion, the plaintiff failed to submit sufficient evidence to raise an issue of fact in this regard.

In contrast, the corporate defendants failed to establish their entitlement to judgment as a matter of law. The deposition testimony of the corporate defendants' assistant vice president for operations and sales was sufficient to support a duty of care running to the plaintiff (*see Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754 [2004]). Moreover, the deposition testimony of the plaintiff and Veronica Green, submitted as exhibits to the motion, raised a triable issue of fact as to the cause of the plaintiff's slip-and-fall accident and the corporate defendants' liability therefor (*see Williams v O & Y Concord 60 Broad St. Co.*, 304 AD2d 570 [2003]; *Malanga v City of New York*, 300 AD2d 549 [2002]). Smith, J.P., H. Miller, Krausman and Skelos, JJ., concur.