■ ARLENE FRIEDENBERG, Appellant, v 31 CALVARY DRIVE CORP. et al., Respondents. [807 NYS2d 610]—

In an action, inter alia, to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Rockland County (O'Rourke, J.), dated July 1, 2004, which granted the motion of the defendants Tom Connolly, individually and as representative of the estate of Diane Connolly, Old Fashion Restaurant, LLC, Anne Magner, and Douglas Magner, for summary judgment dismissing the complaint insofar as asserted against them, and denied her cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff and the defendants Diane Connolly (now deceased and represented by her husband Tom Connolly, as administrator of her estate) and Tom Connolly owned the defendant 31 Calvary Drive Corp. (hereinafter 31 Calvary), which operated a restaurant. In March 2000 the Connollys purchased the plaintiff's interest in 31 Calvary for the sum of $80,000. The plaintiff was given a promissory note from 31 Calvary, signed by Diane Connolly as president, and a security interest in the inventory and other property of the restaurant. In 2001 the restaurant closed. The Connollys then opened a new restaurant at a different location with the defendants Anne Magner and Douglas Magner which was owned by the defendant Old Fashion Restaurant, LLC. The plaintiff commenced this action alleging, inter alia, that she had not been paid the amounts due under the promissory note and that she had been defrauded out of her security interest in the inventory and other property of the first restaurant.

The defendants Tom Connolly, individually and as representative of the estate of Diane Connolly, Old Fashioned Restaurant, LLC, Anne Magner, and Douglas Magner (hereinafter the respondents), moved for summary judgment dismissing the complaint insofar as asserted against them. In support of their motion, the respondents demonstrated, prima facie, that there was no basis upon which to enforce the promissory note as against them, and that they had not otherwise engaged in any actionable conduct concerning the promissory note or the

plaintiff's interest in the restaurant (*see Maggio v Becca Constr. Co.*, 229 AD2d 426 [1996]; *Tannenbaum v Reichenbaum & Silberstein*, 226 AD2d 700 [1996]; *Gottehrer v Viet-Hoa Co.*, 170 AD2d 648 [1991]; *Kramer v Twin County Grocers*, 151 AD2d 722 [1989]). In opposition, the plaintiff failed to raise a triable issue of fact as to any basis upon which to impose liability as against any of the respondents for the damages alleged (*see e.g. Seuter v Lieberman*, 229 AD2d 386 [1996]). Thus, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Rivera, Spolzino and Covello, JJ., concur.