■ MARC SCOTT KALLMAN et al., Appellants, v PINECREST MODULAR HOMES, INC., Defendant, and JONATHAN DAVIDSON et al., Respondents. [916 NYS2d 221]—

In an action to recover damages, inter alia, for breach of contract, negligence, and breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated August 13, 2009, as granted that branch of the motion of the defendants Jonathan Davidson and Brian Draizin which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action against, among others, Pinecrest Modular Homes, Inc. (hereinafter Pinecrest), Jonathan Davidson, and Brian Draizin, inter alia, to recover damages for breach of an oral contract to provide home construction services and for the return of a down payment provided in connection with that agreement. The individual defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. We affirm.

Davidson, the president and sole shareholder of Pinecrest, and Draizin, the president of Draco, Inc., a corporation employed as a consultant by Pinecrest (hereinafter together the individual defendants), established their prima facie entitlement to judgment as a matter of law dismissing the causes of action predicated upon the oral contract by demonstrating that the plaintiffs' contract was with Pinecrest, that they had acted in their corporate capacities, and that there was no basis upon which to pierce the corporate veil to hold them personally liable (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135 [1993]; *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016 [2007]; *Maggio v Becca Constr. Co.*, 229 AD2d 426 [1996]; *Gottehrer v Viet-Hoa Co.*, 170 AD2d 648, 649 [1991]). In opposition, the plaintiffs failed to raise a triable issue of fact, inter alia, as to whether the individual defendants "abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" against them (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 142; *see Millennium Constr., LLC v Loupolover*, 44 AD3d at 1016-1017; *Gottehrer v Viet-Hoa Co.*, 170 AD2d at 649).

While an officer of a corporation " 'who participates in the commission of a tort by the corporation is personally liable therefor' " (*Widlitz v Scher*, 148 AD2d 530, 530 [1989], quoting *Bellinzoni v Seland*, 128 AD2d 580, 580 [1987]), the Supreme Court properly dismissed the negligence causes of action against the individual defendants because the plaintiffs failed to allege

the violation of a legal duty independent of the contract (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526 [2008]).

The individual defendants further demonstrated their entitlement to judgment as a matter of law on the plaintiffs' cause of action to recover damages for breach of fiduciary duty by demonstrating that they owed no fiduciary duty to the plaintiffs (*see Guarino v North Country Mtge. Banking Corp.*, 79 AD3d 805 [2010]; *First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1136 [2010]; *Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1050 [2010]; *Atkins Nutritionals v Ernst & Young*, 301 AD2d 547, 549 [2003]; *cf. Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]). The plaintiffs' assertion that they knew the individual defendants for more than one year and trusted them was insufficient to raise a triable issue of fact as to the existence of a fiduciary relationship (*see Guarino v North Country Mtge. Banking Corp.*, 79 AD3d 805 [2010]; *Chasanoff v Perlberg*, 19 AD3d 635 [2005]).

The plaintiffs' remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.