Tilford v Greenburgh Hous. Auth. (2019 NY Slip Op 02374)





Tilford v Greenburgh Hous. Auth.


2019 NY Slip Op 02374


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-11037
 (Index No. 62522/16)

[*1]Robert Tilford, appellant, 
v
Greenburgh Housing Authority, defendant, Unity Mechanical Corp., respondent.


Raneri, Light & O'Dell, PLLC, White Plains, NY (Kevin D. O'Dell and Sarah E. Tuttle of counsel), for appellant.
Molod Spitz & DeSantis, P.C., New York, NY (Marcy Sonneborn and Alice Spitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated August 31, 2017. The order granted the motion of the defendant Unity Mechanical Corp. pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that on October 26, 2015, at about 4:00 p.m., upon entering the lobby of the apartment building where he lived, he fell through a hatch door in the floor of the lobby. The plaintiff fell approximately six feet and landed in a crawl space below the lobby floor. The hatch door was a few feet from the entrance of the building and directly in front of the plaintiff's apartment door. There were no warning signs in the lobby or the hallway about the open hatch door and the plaintiff did not see that the hatch door was open prior to the incident.
On the day of the incident, the building's superintendent, George Lux, had invited several contractors, including the defendant Unity Mechanical Corp. (hereinafter Unity Mechanical), to inspect the premises prior to bidding on a project. Lux opened the hatch door to let the contractors into the crawl space. Ryan McCormick, an employee of Unity Mechanical, was the last person to leave the crawl space and did not close the hatch door when he left.
The plaintiff filed a notice of claim against the defendant Greenburgh Housing Authority (hereinafter the GHA), which owned the apartment building, attaching photographs of the accident site. After testifying at a General Municipal Law § 50-h hearing, the plaintiff commenced this action against the GHA and Unity Mechanical. Unity Mechanical moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, contending that it owed no duty of care to the plaintiff. In support of the motion, Unity Mechanical submitted, inter alia, a copy of the plaintiff's hearing transcript and McCormick's affidavit. In opposition, the plaintiff submitted, inter alia, Lux's affidavit. The Supreme Court granted the motion, and the plaintiff appeals.
"On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Shah v Exxis, Inc., 138 AD3d 970, 971; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87-88; Borrerro v Haks Group, Inc., 165 AD3d 1216). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Anzora v 81 Saxon Ave. Corp., 146 AD3d 848, 849). Applying the foregoing standards to this case, we agree with the Supreme Court's granting of Unity Mechanical's motion to dismiss the complaint insofar as asserted against it.
"It is fundamental that, in order to be held liable in tort, the alleged tortfeasor must have owed the injured party a duty of care" (Forbes v Aaron, 81 AD3d 876, 877; see Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 584; Karpovich v City of New York, 162 AD3d 996, 996). "As a general rule, liability for a dangerous or defective condition on property is predicated upon ownership, occupancy, control, or special use of the property" (Figueroa-Corser v Town of Cortlandt, 107 AD3d 755, 757-758; see Ruffino v New York City Tr. Auth., 55 AD3d 817, 818). "The existence of one or more of these elements is sufficient to give rise to a duty of care" (Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831; see Nappi v Incorporated Vil. of Lynbrook, 19 AD3d 565, 566). "However, liability can also be imposed upon a party that creates a defective condition" (Micek v Greek Orthodox Church of Our Savior, 139 AD3d at 831; see Warren v Wilmorite, Inc., 211 AD2d 904, 905).
In support of its motion to dismiss Unity Mechanical submitted evidentiary material demonstrating that it did not own, occupy, control, or make special use of the property where the accident occurred (see Pantaleo v Bellerose Senior Hous. Dev. Fund Co., Inc., 147 AD3d 777, 779; Leibovici v Imperial Parking Mgt. Corp., 139 AD3d 909, 910; Micek v Greek Orthodox Church of Our Savior, 139 AD3d at 831; Bernstein v Starrett City, 303 AD2d 530, 532). The evidentiary material also demonstrated that Unity Mechanical did not create the alleged dangerous condition through any efforts it undertook with respect to its pre-bid inspection of the crawl space (see Leibovici v Imperial Parking Mgt. Corp., 139 AD3d at 910; Micek v Greek Orthodox Church of Our Savior, 139 AD3d at 831; Bernstein v Starrett City, 303 AD2d at 532; see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 142).
There is no merit to the plaintiff's contention that McCormick created a hazardous condition by failing to close the hatch door when he climbed out of the hatchway. In his affidavit McCormick stated that he left the door open because he did not know whether anyone else needed to enter into the crawl space. Lux stated in his affidavit that he did not ask McCormick or any of the contractors to close the hatch door upon leaving the crawl space but rather, without inspecting it himself, "was under the impression that" McCormick had closed the hatch door. The plaintiff's contention that McCormick was in control of the hatch door when he exited the crawl space is belied by Lux's affidavit wherein he averred that the hatch door did not lock and that it could have been lifted or shut by anyone.
Since Unity Mechanical did not owe the plaintiff a duty of care, we agree with the Supreme Court's granting of Unity Mechanical's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court